# Ben Franklin Fire Insurance Company *versus* Flynn & Hamm.

1. A clause in a policy of fire insurance requiring the insured in case of loss to furnish proofs thereof to the company as soon as possible after the fire will be construed to mean that the insured must furnish said proofs within a reasonable time after the fire.

2. Where in such case the insured furnishes said proofs within thirty days from the date of the fire, the delay will not be held so unreasonable as to preclude the submission to the jury of the question whether of not the terms of the policy have been complied with.

3. Where a fire insurance company propose to defend themselves from liability for a loss occurring under a policy issued by them on the ground of the breach of a collateral condition contained in the policy, said breach must be promptly taken advantage of—nothing else must be alleged as a reason for non-payment, and especially must not the insured be led astray by propositions of settlement on grounds other than that of the alleged breach of the condition.

4. It is the duty of a fire insurance company, where proofs of loss are furnished to them in due time, to notify the insured of any formal defects which may be discovered therein and to have them corrected.

5. A policy of fire insurance contained a clause requiring the insured to furnish, in case of loss, a statement to the company of all other insurances on the property, together with copies of the written parts of the policies, which statement was to be sworn to before the justice of the peace living nearest to the place where the property was situate. A loss having occurred under the policy, the insured forwarded to the company, together with proofs of loss, a statement containing the names of the various other companies in which the property was insured, the numbers of the policies, the amount of each one, and an averment that the written parts of said policies were substantially the same as that of the company's own policy. Said statement was sworn to before a notary living where insured resided, some five or six miles from the place of loss, and not before the justice of the peace living nearest to said place. A meeting of

[Ben Franklin Fire Ins. Co. *v.* Flynn.]

agents of the various companies who had issued policies on the property, was afterward convened, by whom the loss was adjusted. A copy of said adjustment was afterwards, at the request of an agent of the particular company in question, furnished to him. The insured afterwards drew a draft on said company for the amount of his policy, which, however, was not accepted, the secretary stating that the loss was not yet due, and that there was some hitch in the adjustment. The insured afterwards drew a second similar draft, acceptance of which was for the same reason refused, the secretary offering, however, to compromise the claim on the same basis as that for which several other companies had compromised. Insured accepted this proposition, and subsequently blank proofs of loss were furnished to him with a request that he would send corrected proofs the same as those furnished to other companies. He subsequently demanded payment of the amount for which he had compromised, but was refused on the ground that his statement of insurances had not been such as was required by the terms of the policy. In an action subsequently brought by him against the company to recover the amount of the policy, *Held*, that there was sufficient evidence to warrant the court in submitting to the jury the question whether the company defendant had not by its actions waived a literal compliance with the terms of the policy.

6. *Semble,* that the insured had substantially complied with the requirements of the policy in regard to the furnishing of a statement of other insurances, and that the court would have so held, had they been called upon so to do.

7. While it is true, according to the strict rules of pleading, that if an allegation be made in the declaration, which though immaterial in the pleadings may be material on the trial, it must be proved as laid, yet this principle will not in our practice be very strictly applied.

8. Although, therefore, the declaration in the case above stated, averred a waiver of the conditions of the policy in a manner different from that which the plaintiff offered to prove on the trial, *Held*, that this circumstance constituted no obstacle to the admission of said offer of evidence.

October 21st 1881. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, STERRETT and GREEN, JJ. TRUNKEY, J., absent.

ERROR to the Court of Common Pleas of *Clarion county:* Of October and November Term 1881, No. 104.

This was an action of covenant by John Flynn and G. S. Hamm, trading as Flynn & Hamm, against the Ben Franklin Insurance Co., of Allegheny, Pa., upon two policies of fire insurance issued by said company to the plaintiffs, upon a stock of general merchandise in the plaintiffs' store in Turkey city, Clarion county. The policies were dated May 3rd 1878, and July 1st 1878, respectively, the former for $750, the latter for $1000. The policies were alike in form, and contained, inter alia, the following condition :

" 9. Persons sustaining loss or damage by fire shall forthwith give notice of said loss to the company ; and as soon thereafter as possible, render a particular account of such loss, signed and sworn to by them, stating any and what other insurance has

[Ben Franklin Fire Ins. Co. *v.* Flynn.]

been made on the same property, giving copies of the written portion of all policies thereon, also the actual cash value of the property and their interest therein, for what purpose and by whom the building insured, or containing the property insured, and the several parts thereof, were used at the time of their loss, when and how the fire originated ; and shall also produce a certificate under the hand and seal of a magistrate or notary public (nearest to the place of the fire, not concerned in the loss as a creditor or otherwise, nor related to the assured), stating that he has examined the circumstances attending the loss, knows the character and circumstances of the assured, and verily believes that the assured has without fraud sustained loss on the property insured to the amount which such magistrate or notary public shall certify."

Flynn & Hamm had at the same time additional insurance on the same stock of goods in nine other companies, to the amount of $11,250.

Their store and stock of goods were destroyed by fire July 15th 1878. They "forthwith" gave notice of the fire and loss to the insurance company defendant, in accordance with the first clause of the above recited condition.

On August 12th 1878, the plaintiffs forwarded to the company defendant formal proofs of loss, sworn to by the plaintiff, Hamm, before a notary public of Edenburg, Pa.,—distant five to six miles from the place of the fire,—containing, inter alia, a schedule showing the actual cash value of the property insured, immediately preceding its destruction; also a schedule of the several companies in which the plaintiffs held additional insurance, the amounts of the policies, &c. These proofs of loss contained the following: "The written portion of which policies are substantially the same as the Ben Franklin policy, aforementioned, as per schedule attached." The defendant company received the proofs of loss on August 14th 1878.

On the trial, before JENKS, P. J., the defendants claimed that the proofs of loss failed to comply with the requirements of the 9th condition of the policies, and were insufficient for the following reasons: because not rendered "as soon as possible" after the fire ; because not sworn to before a magistrate or notary public, residing nearest the place of the fire, it being in evidence that a duly qualified magistrate resided at Turkey City; because the written portion of all policies in force were not copied at length in said proofs; and because of general want of particularity in detail. The plaintiffs, while not admitting that the proofs of loss were insufficient, offered the following evidence to show that the company had waived all proofs of loss, viz. : that in pursuance of notice to all the companies, a meeting was held in Emlenton on July 25th 1878, for the pur-

pose of adjusting the losses payable by the several companies, at which an adjustment of the loss was made; that one Simon Drum, an agent of the defendant company, visited the scene of the fire and came to Emlenton on the day of the meeting; that he was invited to attend said meeting, and promised to do so, but did not; but after the meeting he asked for and obtained a copy of the adjustment, which had been made; that in the early part of October 1878, the plaintiffs drew a draft on the defendant company in favor of Joseph Horn & Co. for $1339.48, being the proportion of the amount of loss due by the defendant company according to the adjustment made with the other companies; that this draft was presented to the company by the book-keeper of Horn & Co., and acceptance was refused by the secretary on the ground "that the loss was not due and would not be for a month, and that there was some hitch in the adjustment of the loss," but that no objection was then made to the proofs of loss; that the plaintiffs thereupon, on October 10th 1878, drew other drafts on the company defendant in favor of G. W. Dilworth, who presented the same to the secretary of the company for acceptance or payment, which was refused on the same ground as the former draft had been refused; but that on the second visit by Dilworth to Riddle, the secretary of the company defendant, the latter agreed to pay the loss upon the same basis as that for which other companies had compromised, which would reduce the claim to $1050; that this proposition was accepted by the plaintiffs, and then Dilworth called a third time with the policies and Riddle again declined payment, saying there was error in the proofs.

This evidence was objected to principally on the ground of variance, the offers being to show a *general* waiver, while the declaration averred a *special* waiver in the following terms:

"And plaintiffs further say, that notice of loss, preliminary proofs, and all conditions in said policy to be performed and kept by plaintiffs, were *waived* by defendant, to wit: On the seventeenth day of July, A. D. one thousand eight hundred and seventy-eight, said defendant denying all liability for said loss, and pretending said policy and risk had been cancelled and terminated previous to said loss, when in truth and in fact the same had not been cancelled or terminated, but was still in full force and obligatory on defendant."

Objection overruled; exception.

The defendant put in evidence the following letter sent by the secretary of defendant company to the plaintiffs on or about the day of its date:—

[Ben Franklin Fire Ins. Co. *v.* Flynn.]

"ALLEGHENY, October 16th 1878.

" *Messrs. Flynn & Hamm*, ———, *Pa. :*

"Dear Sirs:—Enclosed we hand you two blank proofs of loss, on which you will please send us corrected proofs of your loss at Turkey city, the same as furnished the other companies, and oblige,

"Yours respectfully,  G. D. RIDDLE, Sect."

The defendants presented, inter alia, the following points:

3. The preliminary proofs or particular account of the loss as required by condition No. 9 of these policies to be furnished by the plaintiffs, are conditions precedent to their right of recovery, and the determination of their sufficiency is for the court; and unless found by the court to be sufficient in this case, or their sufficiency expressly or impliedly waived by defendant, plaintiff cannot recover. *Answer.* We do not think the proofs of loss sufficiently specific, unless the jury find under the evidence, that the destruction of books, and bills, and goods was so great that the plaintiffs could not reasonably furnish one more full; but proof of loss or the sufficiency thereof may be waived by the company. For further answer refer to *plaintiffs'* third, fourth and fifth points (repeated infra.).

4. That the paper purporting to be a statement of their loss claimed in this case, dated August 12th 1878, is not such particular account of such loss, signed and sworn to by them, as is required by condition No. 9 attached to and made part of such policies. *Answer.* For answer to this point we refer to our answer to defendant's third point, which reads as follows: "We do not think the proofs of loss sufficiently specific, unless the jury find under the evidence, that the destruction of books, and bills and goods was so great that plaintiffs could not reasonably furnish one more full;" and for further answer refer to third and fourth of plaintiffs' points (repeated infra).

5. That to constitute a waiver of sufficiency of preliminary proofs, or the particular account of the loss under condition No. 9, plaintiff must show some official act or declaration by the company prior to the expiration of the time within which such account is required to be furnished, dispensing with it—something from which the plaintiffs might reasonably infer that defendant did not mean to insist upon it; that such waiver never occurs unless intended by the company, or unless the act relied on ought in equity to estop company from denying it; mere silence is not enough; that after the expiration of the time for furnishing such account of loss under said condition, or after the actual furnishing of some account in this case, which if found to be insufficient, nothing but the express agreement of the company could revive or revivify the contract.

*Answer.* We cannot affirm this point as stated, and for answer refer to plaintiffs' third, fourth and fifth points, which we now re-read and affirm, as follows:

(3) "If the defendant received notice as mentioned in second point, and the scene of the fire was visited by Simon Drum, a general agent of the company defendant, who was afterwards requested by one of the plaintiffs to meet with the adjusters and examine books and papers of plaintiffs, and after promising so to do, but did not; and furthermore, that defendant received proofs of loss and retained same until by the terms of the loss became payable, and in the meantime negotiated with the plaintiffs or their agents for a settlement, and afterwards demanded corrected proofs without stating wherein same were to be corrected, verbally demanding simply a reduction of the amount called for in said proofs, such facts are evidence to the jury from which they may find a waiver on part of the defendant of any part or portion of the preliminary proofs."

(4) "If the jury find the facts as stated in the last point, such facts are evidence from which they may find a waiver of the requirement in the policy regarding the magistrate or notary public from whom a certificate should be obtained, and any defect therein, and also because of the absence of any objections to such preliminary proofs at the time of their reception, or within a reasonable time afterwards."

(5) "If the jury find from the evidence that the defendant company, by its secretary or other executive officer, waived any portion or part of the requirements of the policies regarding preliminary proofs or particular account, it would have the effect to strike the same out of the contract, and officers of the insurance company could not thereafter rightfully demand or require the plaintiffs to make new or additional proofs of loss supplying the requirement waived."

9. The interviews and conversations between Riddle, secretary of the company, and Dilworth and Thorn, third parties with no privity of interest, and occurring long after the expiration of that reasonable time within which plaintiffs were required to furnish complete proofs of loss under condition No. 9 of the policies, constitute no waiver, nor do they furnish evidence from which a waiver may be inferred by the jury, of the said conditions by the company. *Answer*—The conversations referred to in this point, are evidence which we think proper for the consideration of the jury; they must determine under all the evidence and the instructions given, whether there was or was not a waiver.

11. That plaintiffs have proved no express waiver, and have offered no sufficient evidence of an implied waiver by the company, of the sufficiency of the preliminary proof under the 9th

[Ben Franklin Fire Ins. Co. *v.* Flynn.]

condition of the policies, and therefore they cannot sustain this action.

*Answer.* We decline to answer this point as requested. We refer the question to be determined by the jury under all the evidence and the instructions we have given.

Verdict for the plaintiffs for $1875.42 and judgment thereon. The defendant company took this writ of error, assigning for error, inter alia, the admission of the evidence objected to, the answers to defendant's points, as above given, and the submission of the question of waiver to the jury.

*Boggs & Weidner* for the plaintiff in error.—All the requirements of the ninth condition of the policy to be performed by the plaintiffs below were conditions precedent to their right of recovery: Commonwealth Ins. Co. *v.* Sennett, 5 Wright 161; Johnson *v.* Phoenix Ins. Co., 112 Mass. 49. The proofs of loss were insufficient under the ninth clause of the policy in several respects: they were not furnished until about thirty days after the fire, which was not " as soon thereafter as possible;" they were not certified by a magistrate or notary public nearest to the place of fire, although a duly qualified magistrate resided in the same town, but were sworn to before a notary public in another town five to six miles distant. In the absence of explanation, this is a fatal defect: Johnson *v.* Phoenix Ins. Co., 112 Mass. 49; Columbia Ins. Co. *v.* Lawrence, 2 Peters 33. They did not contain the written portions of the policies in the other companies.

As to the alleged waiver of the ninth condition. The plaintiffs declared on a special waiver by the company on a particular day and for a particular cause. They offered no evidence in support of this averment, but made numerous offers of disconnected facts to prove a general waiver. Under the express terms of the policy, as well as by the general rules of law, such evidence was inadmissible. In an action upon a contract such as that of insurance, the *probata* must agree with the *allegata* in all matters material to the issue, even though the latter need not have been specially averred in the pleadings: Thomas *v.* Mann, 4 Casey 520. Moreover, the facts constituting the alleged waiver, occurred after the policy had been forfeited for non-production of proofs of loss in due time. In such case, evidence of waiver should be confined to the time within which the proofs should have been furnished. A waiver never occurs unless intended, or unless the act relied on ought in equity to estop the party from denying it, and in such case the proof must be clear and distinct: Diehl *v.* Adams Co. Ins. Co., 8 P. F. Smith 452; Wood on Ins. 702; Beatty *v.* Lycoming Ins. Co., 16 P. F. Smith 9;

Decilver *v.* State Mutual Ins. Co., 2 Wr. 134; Lycoming Ins. Co. *v.* Updegraff, 4 Wr. 319, 323; Mueller *v.* South Side Fire Ins. Co., 6 Norr. 399.

*W. A. Corbett*, for the defendants in error.

Mr. Justice GORDON delivered the opinion of the Court November 7th 1881.

There is very little even of technical difficulty in this case, and nothing at all of which the plaintiff ought to complain, if it looked to the justness of its obligation rather than for some loophole of escape from a debt which in all honor and honesty it ought to pay. The evidence furnishes not the slightest intimation that the plaintiffs were guilty of any kind of fraud, either in intention or in fact. The loss occurred without fault or neglect on their part. and if there was any default in either the preliminary notice or statement of loss, it was of a character so technical that it could scarcely be avoided by any one not an expert. As to these, however, no exception is taken to the first; it is admitted that it was correct both in form and service; and as to the items of the other, the jury, under the instruction of the court, have found that they were as full and specific as they could be under the circumstances. But, inter alia, it is alleged that this statement was not forwarded to the company's office within the time required by the policy. The requisition is that it shall be furnished as *soon as possible* after the fire.

But, as we held in the case of the Home Insurance Co. *v.* Davis [ante, p. 280], this phrase must be taken to mean within a reasonable time after the loss. The required statement was forwarded within thirty days from the date of the fire; we think a delay no greater than this not unreasonable, at least not so unreasonable as to require the question to be withdrawn from the jury and determined as a matter of law. The delay in the case cited was three months, yet under the circumstances, it was held that the submission of the question to the jury was proper.

But we have yet a couple of objections, still more technical in their character than the above, to dispose of.

1. It is required by the policy, that statement shall be made of any other insurance on the property and copies of the written parts of the policies set out in the proofs of loss. It is said that the latter part of this condition was not complied with. Taken literally this is true, but practically it is not true, for not only were the names of the several companies, the numbers of the policies and the amount by each one insured, given, but in addition it was stated that the written parts of these several policies were substantially the same as that of the Ben Franklin.

2. It is objected that the affidavit to the statement was not made before, and the certificate not made by, a justice of the peace nearest the place of loss, but before and by a notary public some five or six miles distant therefrom.

The fire was at Turkey city, and the notary public lived at Edenburgh, the place of Hamm's residence, which circumstance accounts for his not complying literally with the prescribed condition. Were we called upon so to do, we might well say that both these conditions were substantially complied with, but as this whole matter was referred to the jury on the question of waiver, we are not required to pass upon a point of this kind. The counsel for the defence think the proofs of a waiver were not sufficient to warrant the court in so submitting them, but we are of a different opinion. These defects were at best, but formal, and we incline to the opinion expressed by Mr. Justice Sharswood, in Beatty *v.* Insurance Co., 16 P. F. Smith 9, that it is the duty of the insurer, where the proofs of loss are put into its possession in time, to notify the insured of any formal defects which may be discovered therein, and have them corrected. From this it would follow that where this is neglected such defects must be regarded as waived.

Beyond this, however, the testimony of Dilworth, Ellis and Thorn, was sufficient to establish a waiver of even more material defects. Where a forfeiture is to be worked by the breach of a collateral condition, such breach must be promptly taken advantage of; there must be nothing else alleged as a reason for non payment, and especially must not the assured be led astray by propositions of settlement on grounds other than that of the alleged breach of the condition. But this is exactly what was done in this case.

The objection to payment was the compromise made with the Howard and other companies, and Riddle, the secretary of the company, proposed to pay on a similar basis or rate, which proposition was promptly accepted by the plaintiffs, and it was not till after this acceptance that there was any allusion to the defects in the statement of loss.

Even Riddle's letter of the 16th of October, enclosing blanks for corrected proofs, throws no light upon the defects of the former proofs but only directs attention to those furnished to other companies, a direction which evidently looks more to the amounts for which those companies settled than to any particularity of items. It is moreover remarkable that at no time was there any special defect in the statement pointed out, or request made to have such defect corrected. But we need not go into the particulars of this testimony; there was enough of it to submit to the jury, and in so submitting it the learned judge was fully sustained by the cases of Lycoming Mutual Ins.

[Beaver Township *v.* Rose Township.]

Co. *v.* Schollenberger, 8 Wr. 259; Inland Ins. Co. *v.* Stauffer, 9 Ca. 397, and Home Ins. Co. *v.* Davis, above cited.

Then we have an objection to the proofs offered to establish the waiver, for that the declaration alleges that waiver to have occurred in a manner different from that set forth in the offer of proof. But as the narr. without the special clause, the subject of controversy, would have sustained the offer, we may treat this part of it as surplusage.

We understand, indeed, that by the strict rules of pleading, if an allegation is made in the declaration which may be material in the trial, though immaterial in the pleadings, it must be proven as laid. But in our times the severe rules of pleading find but little encouragement, and even so far back as the case of Repsher *v.* Shane, 3 Yeates 575, this doctrine of variance was not very strictly applied. In this case the suit was on a promise of indemnity against the recovery of damages from the plaintiff by a third person; in the declaration the amount of damages was laid at a certain sum, and on the trial the proof offered was of a different sum; yet the variance was held not to be fatal, though certainly in a case of this kind, accurate proof of the damages sustained by the plaintiff was material. Following in the track of this case of Repsher *v.* Shane, many later cases have, like it, very much relaxed the strictness of the old doctrine of variance. Among these are Grubb *v.* The Mahoning Nav. Co., 2 Har. 302; Emerick *v.* Kroh, Id. 315, and Filson *v.* Dunbar, 2 Ca. 475. On the whole, therefore, we cannot say that even on this point the ruling of the court below was wrong.

Judgment affirmed.