## J. V. BONNERT v. PENNSYLVANIA INS. CO.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS OF JEFFERSON COUNTY.

Argued October 9, 1889—Decided October 28, 1889.
[To be reported.]

1. A condition of a policy of fire insurance providing that no suit thereon shall be sustained unless brought within six months after the loss shall accrue, may be waived, not only by express words, but by acts and conduct of the company and its officers, which throw the insured off his guard and lull him into security.
2. The testimony showing that proofs of loss were furnished within the time prescribed, that all the plaintiff's books and papers were promptly presented on the defendant's demand, that adjustment was delayed by the company upon various pretexts, and that after the limitation expired the company offered to go on and adjust the loss upon receipt of other books and papers demanded, the question whether or not the limitation as to time was waived by the company must be submitted to the jury.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 200 October Term 1889, Sup. Ct.; court below, No. 193 December Term 1887, C. P.

On November 29, 1887, J. V. Bonnert brought assumpsit against the Pennsylvania Insurance Company, to recover upon a policy of insurance against loss or damage by fire, to the amount of $1,000, on his store building and stock of goods therein, at Clarion Mines. The defendant company pleaded non assumpsit, and specially, that a condition of the policy sued upon expressly provided "that no suit or action against this

company, for the recovery of any claim by virtue of this policy, shall be sustained in any court of law or chancery, unless such suit or action shall be commenced within six months after the fire shall occur; " whereas the defendant says, etc.

At the trial on December 18, 1888, before WILSON, P. J., the plaintiff put in evidence the policy of insurance of defendant company, for the sum of $1,000, for one year from July 1, 1886, containing a condition such as that set out in the defendant company's special plea. He then followed by testimony showing a loss of his store-building and stock by a fire which occurred on March 25, 1887, the loss reaching about $3,500; that a day or two after the fire the plaintiff went to Brookville and saw the agent of the defendant company, who said he would attend to the matter; that in April, receiving no word from the agent, the plaintiff consulted Mr. Hall, his attorney, and made out proofs of loss and filed them with the various certificates, within thirty days after the loss, as required by the policy; that on April 19th, the company's agent wrote Mr. Hall that their adjuster had been notified to adjust the claim, and the day he would attend would be telegraphed; that on Friday, May 6th, Mr. Hall received a telegram from Allewelt, the adjuster, sent the evening before, requesting him to have the plaintiff at Brockwayville, on Friday morning, with all his books and papers; that Mr. Hall wired the adjuster that the plaintiff could not be reached before Saturday; that about the middle of May the adjuster demanded that the plaintiff should meet him with all his books and papers at the office of the company in Pittsburgh; that on May 31st, the plaintiff with his attorney met the adjuster with the secretary of the company, at their office, when the plaintiff presented all the books of account, bills, invoices, etc., of his store at Clarion Mines, and also an inventory of the goods he had taken from his store at Rasselas, Elk Co., to stock the Clarion Mines store, in the first instance; that the adjuster demanded that plaintiff should furnish all the books and papers from his store at Rasselas, assuring him that if he complied with the demand for the additional papers, etc., his loss would be speedily adjusted; that, returning home, the plaintiff on June 10th sent to the adjuster every book and paper he had, in any way connected with either place of business; that on July 11th the adjuster wrote Mr. Hall that the

plaintiff had not sent him all the papers, etc., demanded, and requested those not sent; that the additional papers demanded were either impossible to obtain, or had never had any existence, and on September 5th Mr. Hall wrote to the defendant company demanding the return of the books and papers in defendant's possession; that on September 10th the defendant replied declining to return them, and on September 24th (the day the six months limitation expired), Mr. Hall again demanded their return and threatened legal proceedings to compel it; that on October 5th, the adjuster wrote Mr. Hall again declining to return the books, etc., and offering to go on and adjust the claim, stating that the reason he had not done so before was because of the want of the additional papers demanded; that on October 10th, Mr. Hall again wrote the company demanding the books and papers and stating that he proposed to bring suit; and that on October 25th, Allewelt replied stating that he could no longer speak for the defendant as he had been relieved in the matter. Then this suit was brought.

The case of the plaintiff having closed, defendant, by counsel, moved the court for a compulsory nonsuit, for the reason that the plaintiff had not brought himself within the condition of the policy requiring suit to be brought within six months of the date of the loss, and there had been nothing shown by the plaintiff that by any possibility could be construed into a waiver of that condition by the company.

Objected to by the plaintiff's counsel, for the reason that the condition in the policy was for the benefit of the company and could be waived by it; that the waiver need not be express, but might be inferred from any act evidencing a recognition of liability, or even from a denial of obligation exclusively for other reasons; and whether or not there was a waiver was a question for the jury.

By the court: The motion is granted, with leave, etc.[1]

The plaintiff filed a motion to vacate the judgment of nonsuit, and the motion being argued, the court, WILSON, P. J., on February 26, 1889, refused it.[2]

Thereupon the plaintiff took this appeal, assigning for error:

1, 2. The order entering the judgment of nonsuit, and the order refusing to vacate said judgment.[1] [2]

*Mr. Harry Alvan Hall* (with him *Mr. George W. Allen* and *Mr. Charles Corbet*), for the plaintiff in error:

1. Counsel cited: Coursin v. Insurance Co., 46 Pa. 323; Ben Franklin Ins. Co. v. Flynn, 98 Pa. 627; Leb. M. F. Ins. Co. v. Erb, 112 Pa. 149; Penna. F. Ins. Co. v. Dougherty, 102 Pa. 568; Inland Ins. Co. v. Stauffer, 33 Pa. 397; Lycoming Ins. Co. v. Schollenberger, 44 Pa. 259; Home Ins. Co. v. Davis, 98 Pa. 280; Commonwealth Ins. Co. v. Sennett, 41 Pa. 161; Penna. F. Ins. Co. v. Dougherty, 102 Pa. 568.

2. Under the foregoing authorities this case should have gone to the jury. The general dilatory conduct of the defendant, with the fraudulent intent to prolong the negotiations until after the time limitation had expired, would have amply justified a jury in the inference that the limitation had been waived. The letter of October 5th, putting the refusal to pay on other grounds, and still expressing a willingness to adjust the loss after the six months had expired, was certainly a waiver of the limitation.

*Mr. Cadmus Z. Gordon*, for the appellee:

1. All the cases cited for the plaintiff, except that of Coursin v. Penna. Ins. Co., are cases where the companies had denied liability exclusively on grounds other than insufficient proofs of loss, and in those cases it is held that such denial amounts to a waiver of proofs. This rule is very well settled in this state, but none of the cases cited apply here.

2. Coursin v. Insurance Co., 46 Pa. 323, was a case entirely different from this. The facts are not fully reported, but in that case, the general agent of the company, after the expiration of the limitation, sent for Coursin on several occasions and endeavored to compromise the claim. On this ground the case was sent to the jury, and it was held: "If the company acted and promised, after the action was legally barred, as if it did not intend to insist on the limitation, and put the party to trouble, expense and anxiety in regard to his claim, they need not complain if the jury find that they did waive it."

Opinion, Mr. Chief Justice Paxson:

This was an action of assumpsit in the court below, brought upon a policy of insurance to recover the amount of loss caused by the destruction by fire of the insured property. The plaint-

iff kept a small country store in Jefferson county, and obtained a policy of insurance from the defendant company in the sum of $1,000, covering the storehouse building, and the stock of merchandise contained therein. On the 25th day of March, 1887, the premises were destroyed by fire, and the plaintiff alleges that he sustained loss to the amount of $3,500. Notice of the fire was immediately given to the agent of the company, and within thirty days after the fire the plaintiff made out proofs of loss as required by the policy, together with the various certificates, and forwarded them to the company. Divers negotiations, resulting in nothing but delay, followed; and on November 29, 1887, the plaintiff commenced this suit in the court below. Upon the trial he was met with a condition in the policy which required the suit to be commenced within six months after the fire. As this condition had not been complied with, the court below entered a judgment of nonsuit against him.

For anything that appears in this record, the plaintiff's claim was free from fraud, and the loss an honest one. If he fails to get the indemnity he bargained for when he effected his insurance and paid his money, it is because of a condition in his policy to which he assented, or to which he must be presumed to have assented. The plaintiff complains, however, that this condition of the policy was waived, not by express words, but by the acts and conduct of the company and its officers, which threw him off his guard, and lulled him into security. When an insurance company attempts to defeat a recovery upon a policy upon a condition which was intended solely for its own benefit, and which deprives the assured, however honest his claim may be, of the indemnity which he paid for, it is not too much to hold the company to entire good faith. The breach of condition must be promptly taken advantage of. Nothing else must be alleged as a reason for non-payment, and especially must not the insured be led astray by proposing settlement on grounds other than the alleged breach of condition : Ben Franklin Ins. Co. v. Flynn, 98 Pa. 627. A limitation or condition in a policy of insurance, intended for the benefit of the corporation, may be waived by it; and the fact of waiver is a question for the jury : Coursin v. Insurance Co., 46 Pa. 323. It was said by Mr. Justice THOMPSON, in delivering the opinion of

the court in the case just cited : " If it [the company] acted
and promised, after the action was legally barred, as if it did
not intend to insist on the limitation, and put the party to
trouble, expense, and anxiety in regard to his claim, they need
not complain of a jury finding that they did waive it.    Under
such circumstances, juries will be very likely to do so ; and
sometimes, probably, on pretty slight evidence."    There is a
long line of cases which hold that the waiver need not be ex-
press.    It may be inferred from the acts of the insurers evi-
dencing a recognition of liability, or even from their denial of
obligation exclusively for other reasons.    It is sufficient to
refer to one of our latest cases : Leb. M. F. Insurance Co. v.
Erb, 112 Pa. 149.    It was said by Mr. Justice GORDON in
Penna. F. Insurance Co. v. Dougherty, 102 Pa. 568 : " Prima
facie, the insured is entitled to have his loss made good imme-
diately upon its happening ; and, when the loss appears to be
an honest one, we are not disposed to scan very strictly the evi-
dence which tends to rebut a technical forfeiture of the right
to payment."

It remains to test the facts of this case by the light of these
decisions.    As the court below nonsuited the plaintiff, he is en-
titled to all the inferences which may be fairly deduced from
the testimony produced by him.    We have, then, the facts that
notice of the fire and full and sufficient proofs of loss were fur-
nished the company in accordance with its rules, and within the
time prescribed, and that, in obedience to a call from the com-
pany, he sent them in the month of June all the books and
papers in his possession throwing any light upon the subject of
his loss.    It was the duty of the company to examine the books
and papers promptly, and notify the plaintiff of the result.    In-
stead of doing so, they kept them until the limitation had ex-
pired, and then only returned them after a demand therefor.
The effect of this was to throw the plaintiff off his guard, and
to lull him into security.    Why should he commence suit
against the company so long as they were investigating the
case, and had all his papers ?    Good faith required that the
plaintiff should have had a plain answer, yes or no, to his de-
mand for payment, and that such answer should have been
given before the limitation had expired.    The conduct of the
company in this respect has about it the unmistakable and un-

savory flavor of sharp practice. The pretext for all this delay was of the flimsiest character. The company was calling for books and papers which the plaintiff did not have. He had already sent them all. If insufficient for the purpose for which they were sent, they should have been promptly returned, with notice that the company would not pay. The question of their sufficiency could then have been passed upon by a court and jury. We also find that as late as October 5th, after the limitation had expired, Mr. Allewelt, the adjuster of defendant company, wrote to plaintiff's attorney, saying that when he gets all the books and papers asked for he will make the examination as speedily as possible and return them. I attach no importance to the allegation that at this time Mr. Allewelt was not the adjuster of the defendant company. He has been acting as such from the beginning, and cannot now be allowed to play fast and loose.

We need not discuss the case further. The question of waiver was for the jury, and we think there was sufficient evidence upon this point to submit to them. It follows that it was error to direct a nonsuit.

The judgment is reversed, and a procedendo awarded.

