Anthony, Appellant, *v.* Nationwide Mutual Insurance Company.

Argued November 10, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

H. *Ray Pope, Jr.,* with him *Carmen V. Marinaro,* for appellant.

R. L. *McCandless,* with him *Lee C. McCandless,* and *McCandless & McCandless,* for appellee.

OPINION BY FLOOD, J., December 16, 1964:

Plaintiff, Loretta Anthony, a passenger in an automobile operated by Charlotte Sherman, sustained injuries when the Sherman car collided with a car operated by Robert Boyer. Nationwide Mutual Insurance Company, the defendant, had issued a policy to Mrs. Sherman and her husband which contained a family coverage provision under which the company agreed to pay hospital and medical expenses up to $2,000 and disability benefits of $5 a day for 180 days to any passenger injured in a car owned or operated by the Shermans, without reference to negligence.

The policy provided that there should be no liability to anyone who "(1) failed to execute and deliver a complete release of the liability of the Company and the Insured within fifteen months of the date of the accident". The accident occurred August 26, 1958, and Nationwide received no release of liability from Mrs. Anthony by November 26, 1959, the end of the fifteen month period. The question raised by this appeal is whether Nationwide waived the fifteen month limitation period as to the execution of a release by its tender

of a check to Mrs. Anthony on December 5, 1959, twelve days after the limitation period had expired.

In November, 1958, Mr. and Mrs. Anthony brought a negligence action against Boyer. Boyer joined Mrs. Sherman as an additional defendant. On September 21, 1959, some two months before the expiration of the limitation period, the plaintiff's attorney wrote to defendant stating that there had been mistrials in the Boyer suit in June and September, and asking for an extension of time for delivery of the release until the conclusion of that suit. Throughout the ensuing correspondence, the defendant refused to execute an extension agreement, taking the position that the policy did not contemplate giving a claimant the right to recover both under the liability coverage if Mrs. Sherman was found negligent and also under the family coverage provision. The company continued to maintain this position in a letter sent November 23, 1959, three days prior to the expiration of the limitation period.

On November 30, 1959, after the expiration of the limitation period, the plaintiff's attorney wrote to the defendant that he had the executed release available for it. On December 5, 1959, when there was still the possibility of a jury verdict in favor of the plaintiff against Mrs. Sherman the defendant's agent called on the attorney and tendered a check for $2900, requesting delivery of the executed release. The attorney stated that the release would not be delivered until after the verdict in the Boyer suit and returned the check to the defendant's agent.

On December 15, 1959, Mrs. Anthony and her husband obtained verdicts in their suit against Boyer in the amounts of $17,538 and $5,789.25, respectively. The jury found in favor of Mrs. Sherman, the additional defendant. The verdicts against Boyer have been paid. On December 16, 1959, the day following the

verdicts in the Boyer suit, Mrs. Anthony's attorney tendered the executed release to the defendant's agent, but the latter refused to deliver the check to him.

On these facts, set forth in an agreed statement, Judge KIESTER held that there was no waiver of the fifteen month limitation for delivery of the release and entered judgment for defendant insurance company.

Appellant relies upon the case of *Warner Co. v. MacMullen*, 381 Pa. 22, 112 A. 2d 74 (1955), involving a contract for the sale of real estate which provided that time was of the essence. The court stated that the time fixed for settlement "may be extended by oral agreement or be waived by the conduct of the parties, and where the parties treat the agreement as in force after the expiration of the time for settlement it becomes indefinite as to time and neither can terminate it without reasonable notice to the other".

Waiver is a question of intention. *Sack v. Glens Falls Ins. Co.*, 360 Pa. 424, 61 A. 2d 852 (1948), and cases cited. The court below found that there was no intention by Nationwide to waive except upon delivery of the executed release when the check was tendered on December 5, 1959. He also found that the company's offer to pay the claim at that time was rejected when the plaintiff's attorney failed to deliver the executed release in return for the tendered check. There is nothing in the agreed statement under which it can be determined as a matter of law that this offer was renewed or kept alive by any action or other conduct of the defendant.

Whether the offer was kept alive by implication in spite of its rejection was a question of fact to be determined by the trial judge. As we read the agreed statement of facts, it justifies his finding that the tender of the check was conditioned upon the immediate delivery of the release, and that the attorney's refusal to deliver it until after the verdict in the Boyer suit

was a rejection, or a counter offer which the defendant never accepted.

There is nothing in the statement to indicate that the defendant waived the limitation during the fifteen month period. We cannot say that the court below erred in finding that the tender made on December 5, when there was still a chance of a verdict for the plaintiff against Mrs. Sherman as additional defendant under Pa. R. C. P. No. 2255(d), was not an unconditional waiver, but was rather a conditional offer to pay $2900 for a release prior to the trial in the Boyer suit. Nationwide had reason to fear that a verdict against Mrs. Sherman in that suit might radically change its position. This fact, and the immunity under the family coverage provision which it had acquired by reason of the plaintiff's inaction during the fifteen month period, weigh heavily against a finding that Nationwide intended a continuing offer to pay $2900, or an unconditional waiver, since this would mean surrender without consideration of its recently acquired advantage through the limitation clause. The insurance company apparently intended by this limitation period to prevent the possibility of two recoveries against it by the same person for the same accident. It would normally accomplish this in many of our courts where trial lists are not so current as they appear to be in Clarion County. It may be plaintiff's misfortune that the mistrials prevented her from escaping from the limitation, but the defendant is in any event entitled to the advantage it contracted for. The plaintiff made the choice which no doubt seemed the wisest from her own point of view at the time, but the defendant cannot be deprived of its right under the contract if the choice turned out badly for her.

This is not similar to situations such as those in *Warner Co. v. MacMullen,* supra, and other cases cited by the plaintiff where negotiations are carried on with

some continuity by both sides after the expiration date, or cases such as *Bonnert v. Pennsylvania Ins. Co.*, 129 Pa. 558, 18 A. 552 (1889), where the plaintiff was misled by the insurance company's actions. In the absence of anything in the agreed statement of facts as to what was said when the tender of the check in exchange for delivery of the release was refused by the plaintiff's attorney, the question of intention was for the trial court. The trial court found that the plaintiff was not misled, but gambled on a recovery against the insured and lost, that there was no waiver of rights, but that Nationwide, "bargaining for a release", offered $2900 for a release before trial and the plaintiff rejected the offer by refusing to deliver it. This was a proper conclusion from the agreed statement. We cannot read into the statement what is not there.

Order affirmed.