## Emick v. Farmers Mutual Fire Ins. Co. of Marble, Pa.

*Paul H. Millin,* for plaintiff.
*H. William White,* for defendant.

WOLFE, *P.J.,* December 23, 1986 — The pleadings are closed and defendant has moved for judgment on the pleadings.

Factually, plaintiff incurred hail damage to the roof of his dwelling accompanying a tornado on May 31, 1985. Plaintiff's premises were covered by defendant's policy for such damage, and under the terms thereof required notice of loss to be given within 60 days and provided, "No suit to recover for any property claim may be brought against us unless the suit is commenced within one year after the loss."

Plaintiff submitted his loss to defendant on October 31, 1985, and filed suit on the policy on July 25, 1986.

The foregoing facts are not in dispute. Plaintiff's time delinquency is that he did not discover the loss, being elderly, and it was his daughter who discovered the roof was leaking on one of her periodic visits.

After the claim was made defendant's adjuster reviewed the loss and approved the payment to plaintiff of $245. Plaintiff claims a loss of $1,448 plus attorney fees and interest.

Defendant relies on Schreiber v. Pa. Lumbermen's Mut. Ins., 498 Pa. 21, 444 A.2d 647 (1982); Petraglia v. American Motorists Ins. Co., 284 Pa. Super. 1, 424 A.2d 1360 (1981); General State Authority v. Planet Ins. Co., 464 Pa. 162, 346 A.2d 265 (1975); Sager Glove Corp. v. Aetna Ins. Co., 317 F.2d 439, 441 (7th Cir. 1963) all for its defense that the parties had entered into a one-year contractual

statute of limitations in which to commence an action under the terms of the policy and the date of loss controls, not the date the insured has knowledge of it.

Defendant relies upon Thompson v. Equitable Life Insurance Society of The United States, 447 Pa. 268, 290 A.2d 422 (1972) that is admittedly a life insurance policy claim, nonetheless action on the policy was permitted notwithstanding the contractual statute of limitations had expired because plaintiff's beneficiary had no knowledge of the immediate existence of the policy was excused.

Plaintiff argues Thompson, supra., should control because the holding thereof makes equitable sense and practical sense in that any other rule of law would lead to an insured filing fraudulent claims. We cannot equate the property loss in the instant case with a death loss in Thompson, supra. Plaintiff resided in the property at the time of the loss, whereas in Thompson, supra., claimant had no knowledge of the existence of a policy on her deceased husband. In any event the very nature of the policies is different and the terms thereof control their respective dispositions when a claim occurs.

It is now established the intent of the parties to a written contract is the writing itself and when the words are clear and unambiguous the intent is to be found only in the expressed language of the agreement. Felte v. White, 451 Pa. 137, 302 A.2d 347 (1973). When the language of the agreement is clear and unambiguous it speaks for itself and is not subject to interpretation by reference to any circumstances other than those recited in the written agreement. Stewart v. McChesney, 284 Pa. Super. 29, 424 A.2d 1375 (1981).

Here, the time required to give notice of loss was specifically written. Plaintiff's argument would be

viable if the insurance contract was silent respecting the time for notice and proof of loss. In such cases it is established that the insured must give notice and proof of loss within a reasonable time and such a provision must be given a liberal and reasonable construction. Leslie v. Metropolitan Life Insurance Co., 320 Pa. 87, 181 Atl. 562 (1936). Likewise, when the terms of the policy require notice within a certain time after discovery of a loss, the time does not begin to run against the insured until he knows, or has a reasonable opportunity to know, of a loss; and knowledge within the meaning of this rule is actual knowledge. Thomas Holme Building & Loan Assn. v. New Amsterdam Casualty Co., 124 Pa. Super. 187, 188 A. 374 (1937).

A provision of the policy for a limitation of time within which an action on the policy may be sustained, and that if an action is not brought within the time specified there can be no recovery, is valid; Borough of Nanty-Glo v. American Surety Company of New York, 316 Pa. 408, 175 Atl. 536 (1935); provided, however, that the time specified therein is reasonable. We are constrained to hold defendant's cited cases control the instant case. Indeed, notwithstanding plaintiff submitted the loss on October 31, 1985, plaintiff still had seven months in which to file action and failed to do so.

Nor can we accept plaintiff's argument defendant has waived the contractual statute of limitations by making a payment of $245 that defendant's adjuster determined to be the extent of damage to the roof caused by the hailstorm. This draft was submitted to plaintiff on November 8, 1985. Plaintiff therefore argues because defendant submitted the draft after the expiration of the 60 days to submit a claim loss defendant therefore effectively waived its right to

stand on the contractual statute of limitation. Again, we are constrained to disagree.

There can be no question an insurer may waive the provisions of a policy. Ayeres v. American Mutual Insurance Co., 203 Pa. Super. 252, 199 A.2d 739 (1964) wherein the insured failed to file a proof of fire loss within 60 days as the policy required, the question arose if this mandate was waived by the insurer. The court found because the insurer was made verbally aware of the loss the day following and settlement of the claim was discussed, notwithstanding no formal claim was made, the court did not hesitate in finding the company waived that provision as it was informed as to the loss within the period thereof, it made an appraisal of same and negotiated settlement without offering its form of proof of loss or without advising the insured that one was required:

"A waiver may be inferred from any act evidencing a recognition of liability. Cara v. Newark Fire Ins. Co., 312 Pa. 489, 167 Atl. 356 (1933); Fedas v. Insurance Co. of State of Pa., 300 Pa. 555, 151 Atl. 285 (1930); Karp-Phoenix Fire Ins. Co., 134 Pa. Super. 514, 4 A.2d 529 (1935).

Melnick v. American Casualty Company of Reading, 192 Pa. Super. 116, 159 A.2d 744 (1960), cited by appellant, is readily distinguishable since in that case no notice of any kind was given within the period provided by the policy. The same is true of Stoyer v. Franklin Fire Ins. Co., 114 Pa. Super. 555, 174 A. 628 (1934); no notice of any kind was given within the proscribed period."

Again, in Anthony v. Nationwide Mutual Insurance Co., 205 Pa. Super. 16, 205 A.2d 639 (1964) wherein the policy provided there should be no liability to anyone who had failed to execute and deliver a complete release of the liability of the com-

pany and the insured within 15 months of the date of the accident. Notwithstanding, after the period had expired the company tendered a check for $2900 to plaintiff's counsel which was not accepted. Citing Warner Co. v. MacMullen, 381 Pa. 22, 112 A.2d 74 (1955), the court found that the time fixed for settlement may be extended by oral agreement or be waived by conduct of the parties and waiver is a question of intention. Sack v. Glens Falls Insurance Co., 360 Pa. 424, 61 A.2d 852 (1948).

In finding there was no waiver the court found there was no intention by Nationwide to waive except upon delivery of the executed releases when the check was tendered and which the company had requested from plaintiff's counsel. The court distinguished Warner Co. v. MacMullen, supra., in that in the latter there were extensive negotiations carried on *after the expiration date* (Emphasis added).

In the case sub judice the draft was submitted well within the contractual statutory limitation period to bring suit, notwithstanding without the 60 day provision for claim of loss. Hence, there were no negotiations after the statute of limitations had expired between the parties and the tender of the draft was an ex parte determination by defendant's adjuster as to the extent that plaintiff was entitled to receive under the policy.

We therefore hold the 60 day limitation to submit a claim of loss cannot and does not control the contractural statute of limitations to commence an action; and the conduct of defendant, through its adjuster, did not waive its right to stand on the defense of the statute of limitations as the parties had agreed. Plaintiff gives us no cases to the contrary.

We determine there is no genuine issue of fact to be resolved and we enter the following

## FINAL ORDER

And now, this December 23, 1986, defendant's motion for summary judgment is granted.