# Polinsky v. Nationwide Mutual Insurance Company

*Plaintiffs,* pro se.
*Krista Kochosky Orashan,* for defendant.

VALASEK, *J.,* July 15, 2005—Before the court for disposition is defendant's motion for summary judgment.

## HISTORY

Following a fire at plaintiffs' residence on April 23, 2000, plaintiffs stored various items of personal property in a storage facility. On January 17, 2001, a theft occurred, and numerous items were stolen from one of plaintiffs' storage units. Plaintiffs reported the theft to Nationwide Mutual Fire Insurance Company, and on January 19, 2001, Joseph Kosik from Nationwide's Claims Department forwarded a sworn statement of theft to plaintiffs.[1] After the plaintiffs failed to respond, Mr. Kosik sent another letter dated April 4, 2001, requesting the supporting documentation of the theft. Plaintiffs responded on April 16, 2001, with the signed sworn statement of theft and contents loss inventory. (Exhibit 6-7.) Only one of the numerous items listed by plaintiffs was valued at more than $300.

Although it would appear that plaintiffs did indeed provide the appropriate documentation requested by de-

---

1. The form required verification in the form of receipts, manuals, photos, etc., of any item in excess of $300. (Exhibit 4.)

fendant, on June 30, 2002, Mr. Kosik sent another letter informing plaintiffs that Nationwide had yet to receive the supporting documentation for their claim. (Exhibit 8.)

Plaintiffs did not respond and on July 10, 2002, a year and a half after the occurrence of the theft, Mr. Kosik closed plaintiffs' claim for failure to submit the required supporting documentation. (Exhibit 9.)

On December 29, 2002, Mr. Polinsky sent a letter itemizing new costs and charges that had accrued. (Exhibit 10.)

Plaintiffs filed a pro se complaint on April 23, 2003, alleging claims of bad faith and breach of contract.

On February 2, 2005, defendant filed a motion for summary judgment. Plaintiffs responded to defendant's motion by filing a pro se brief in opposition on June 21, 2005.

## STANDARD OF REVIEW

A motion for summary judgment is proper when:

"[T]he pleadings, depositions, answers to interrogatories, admissions on file, and affidavits demonstrate that there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. In determining whether to grant summary judgment, a trial court must resolve all doubts against the moving party and examine the record in a light most favorable to the non-moving party. Summary judgment may only be granted in cases where it is clear and free from doubt that the moving party is entitled to judgment as a matter

of law." *Horne v. Haladay,* 728 A.2d 954, 955 (Pa. Super. 1999). (citations omitted)

## DISCUSSION

Defendant asserts that plaintiffs are time barred from maintaining this action for their failure to file a complaint within one year of the alleged theft as required within their policy. Additionally, defendant claims that plaintiffs are further barred from maintaining the bad faith claim because the two-year statute of limitations on such actions had expired on January 17, 2003.

In defendant's answer and new matter, it raised the statute of limitations defense, and following discovery, moved for summary judgment.

In plaintiffs' brief in opposition to the motion, plaintiffs argue that defendant waived the statute of limitations defense when Mr. Kosik agreed to reopen the claim at any time in his July 10, 2002 letter. In that letter, Mr. Kosik stated:

*"Per my letter dated June 30, 2002, I still have not heard from you or received the supporting documentation regarding your claim. At this time I have closed your claim but can gladly reopen it in the future should you wish to pursue the claim."* (Def.'s mot. for summ. j. at exhibit 7.) (emphasis in original)

It is unclear exactly what documentation defendant sought from plaintiffs. Defendant communicated the following in its January 19, 2001 letter:

"Please complete, sign, and return the enclosed sworn statement of theft form, so that we may continue the in-

vestigation of your claim. Please call the number listed below should you have any questions. The postage-paid envelope is for your convenience in sending us the form.

"Be advised that Nationwide[']s policy is *we require verification of ownership on any item in excess of $300. Verification can be in the form of receipts; manuals, photos, etc.* Thank you for your cooperation." (Def.'s mot. for summ. j. at exhibit 4.) (emphasis added)

After plaintiffs received this letter, they returned the sworn statement of theft dated April 16, 2001. The attached contents loss inventory form contained the following items:

| No. | Description | Original Cost |
| --- | --- | --- |
| 1 | Black candleholder | $59.99 |
| 1 | Juiceman | $149.25 |
| 2 | Mini chiminea (39.95 ea.) | $79.90 |
| 1 set | Flower buckets | $19.99 |
| 4 | King quilts (39.99 ea.) | $159.96 |
| 6 | Shams (19.99 ea.) | $119.94 |
| 1 | Lg. chenille rug | $369.99 |
| 1 | Med. chenille rug | $178.99 |
| 1 | Sm. chenille rug | $89.99 |
| 1 | Log cabin quilt | $99.89 |
| 1 | Sm. log cabin quilt | $59.99 |
| 2 | Towel stands (27.94 ea.) | $55.88 |
| 2 | Sm. lamps (22.54 ea.) | $45.08 |
| 1 | Birdhouse | $17.99 |

| | | |
|---|---|---:|
| 100 | | |
| 1 | Nut bowl | $6.94 |
| 3 sets | Bag-tissue-tie wrapping set | $22.35 |
| 4 | Scented fabric coasters | $l6.74 |
| 2 | Holiday couples dec. | $16.22 |
| 3 | Keepsake memory trays | $26.99 |
| 1 | Oversized wood-snowman | $16.89 |
| 1 | Wildlife throw | $16.99 |
| 1 | Lighted Nativity set | $25.98 |
| 1 | Holiday shovel | $9.59 |
| 1 | Lodge scene | $13.98 |
| 1 | Harvest figure | $10.49 |
| 3 | Glass jar votives | $14.59 |
| 1 | Wooden planter wagon | $22.89 |
| 2 | Harvest table linens | $13.99 |
| 4 | Harvest mats | $34.59 |
| 2 | Wildlife candles | $12.15 |
| 1 | Halloween table | $9.39 |
| 1 | Lighted spider web | $19.56 |
| 1 | Fireplace screen | $45.49 |
| 1 | Witch crashing | $11.99 |
| 1 | Yuletide hanging | $7.59 |
| 1 | Stainless steel toaster | $99.99 |
| 1 | Coffee pot and carafe | $169.99 |
| 1 | Regular oak rocker | $259.99 |
| 1 | Glider rocker | $189.95 |

Plaintiffs also claimed:

"All spring and summer clothes and shoes-Dress clothes, suits and coats. Both mine and wifes. Purchase at: Penney's, Wal-Mart, Spiegel, Ames, Fashion Bug, Newport News, Maurices, Paul Harris, BonTon and Value City. All Purchase fro [sic] April, 2000 to September 2000. Arounded off at $4,860. Tax 291.60." (Def.'s mot. for summ. j. at exhibits 6-7.)

Plaintiffs did fail to itemize each article of clothing purchased between April and September 2000. They did, however, comply with the requirement that they return the sworn statement of theft form. Based on the contents loss inventory form, the only item clearly valued at more than $300 is the large chenille rug. All other items, perhaps with the exception of the clothing, had an original cost of under $300.

Be that as it may, the issues raised in defendant's motion for summary judgment pertain only to the statute of limitations.

Our Supreme Court has stated, "this Commonwealth has long recognized the validity of a policy provision limiting the time of bringing suit under its terms and rendering the normal statute of limitations for the cause of action in question inapplicable." *Commonwealth v. Transamerica Insurance Co.*, 462 Pa. 268, 273, 341 A.2d 74, 76 (1975). "Likewise, axiomatic is the principle that a contractual limitation on the right to recovery under the terms of the policy may be waived by the acts of the insurer." *Id.*

"The utmost fair dealing should characterize the transactions between an insurance company and the insured.

If the insurer, . . . by any act throws the insured off his guard as to the necessity of performing some duty enjoined by the policy, the insurer should not be permitted to take advantage of the failure to act." *Id.* (citing *Fedas v. Insurance Co. of State of PA,* 300 Pa. 555, 559, 151 A. 285, 286-87 (1930). See also, *Gough v. Halperin,* 306 Pa. 230, 159 A. 447, (1932); *Evans v. Metropolitan Life Ins. Co.,* 294 Pa. 406, 144 A. 294 (1928).

In the present case, plaintiffs were advised that they could pursue their claim even after it was closed on July 10, 2002.

Plaintiffs' policy contains the following provision:

"(7) *Suit against us.* No action can be brought unless there has been compliance with the policy provisions and the action is started within one year after the date of loss or damage."

In its motion for summary judgment, defendants are *not* asserting that plaintiffs failed to comply with the policy provisions, even though that was their basis for initially closing the claim. What defendant does argue is that plaintiffs are time barred from their present cause of action.

Under the limitations provision of the policy, plaintiffs would have had until January 17, 2002, to file a suit against defendant, and under the statute of limitations for bad faith actions, plaintiffs would have had until January 17, 2003, to file suit. However, plaintiffs did not file suit until April 23, 2003.

The court believes that plaintiffs sought to re-open their claim on December 29, 2002. After four months passed

without a response from defendant, plaintiffs suspected defendant was acting in bad faith and filed suit.

In *Cardoni v. Nationwide Mutual Insurance Co.,* the plaintiffs filed a complaint against defendant insurance company, alleging that defendant repeatedly failed to honor plaintiffs' claims for acts of vandalism. Defendant argued that the suit was time barred under a limitations provision similar to that of the present case. The insurance company supported its argument with *Schreiber v. Pennsylvania Lumberman's Mutual Ins. Co.,* 498 Pa. 21, 444 A.2d 647 (1982), in which our Supreme Court upheld the one-year limitation provision because the insured failed to demonstrate that the insurer had extended or waived the limitations period. The court stated, "We have recognized that in certain circumstances, a limitation of suit provision will not be permitted to bar a delayed suit: 'a provision of this nature may be extended or waived where the actions of the insurer lead the insured to believe the contractual limitation period will not be enforced.'" *Id.* at 25, 444 A.2d at 649 (citing *General State Authority v. Planet Insurance Co.,* 464 Pa. 162, 165 n.6, 346 A.2d 265, 267 n.6 (1975)).

However, whether such a waiver occurred is a question left for the jury. See *Bonnert v. Pennsylvania Insurance Co.,* 129 Pa. 558, 18 A. 552 (1889). In *Bonnert,* plaintiff brought an action against defendant insurance company to recover on a claim of loss caused by a fire on March 25, 1887. Plaintiff gave notice to the insurance company immediately and submitted the required proofs of loss. After much delay plaintiff filed suit on November 29, 1887, eight months after the occurrence

of the fire. At trial, the insurance company raised the policy condition that required suit be commenced within six months after the loss. The court entered a judgment of nonsuit against plaintiff for having failed to meet this condition. Plaintiff argued that this policy provision was waived by the acts and conduct of the company and that those actions lulled him into security.

The Supreme Court stated:

"*If it [the company] acted and promised, after the action was legally barred, as if it did not intend to insist on the limitation, and put the party to trouble, expense, and anxiety in regard to his claim, they need not complain of a jury finding that they did waive it.* Under such circumstances, juries will be very likely to do so; and sometimes, probably, on pretty slight evidence. There is a long line of cases which hold that the waiver need not be express. It may be inferred from the acts of the insurers evidencing a recognition of liability, or even from their denial of obligation exclusively for other reasons." *Bonnert,* 129 Pa. at 563, 18 A. at 552 (citing *Insurance Co. v. Flynn,* 98 Pa. 627. (emphasis added)

The court went on to state that "[a] limitation or condition in a policy of insurance, intended for the benefit of the corporation, may be waived by it; and *the fact of waiver is a question for the jury." Id.* (emphasis added)

In the present case, the court finds that the question of whether defendant waived its statute of limitations defense by causing plaintiffs to be lulled into the belief that it did not intend to insist on a limitation period is a question for a jury to decide.

However, the court must also consider the fact that plaintiffs failed to raise the issue of estoppel in a reply to defendant's new matter. In fact, plaintiffs failed to respond to defendant's answer and new matter at all.

Pennsylvania Rules of Civil Procedure set forth:

"(a) Except as provided by subdivision (b), all affirmative defenses including but not limited to the defenses of accord and satisfaction, arbitration and award, consent, discharge in bankruptcy, duress, estoppel, failure of consideration, fair comment, fraud, illegality, immunity from suit, impossibility of performance, justification, laches, license, payment, privilege, release, res judicata, statute of frauds, statute of limitations, truth and waiver shall be pleaded in a responsive pleading under the heading 'new matter.' A party may set forth as new matter any other material facts which are not merely denials of the averments of the preceding pleading." Pa.R.C.P. 1030.

Although affirmative defenses that are not raised in new matter are deemed waived, the Superior Court has held that a party is not prevented from taking advantage of an element disclosed by the adverse party which would bar recovery, if plaintiff himself has produced evidence to defeat his claim. *Nevling v. Commercial Credit Co.,* 156 Pa. Super. 31, 36, 39 A.2d 266, 268 (1944).

The question of whether a defendant could avail himself of a defense not pleaded but which came out on cross-examination of the plaintiff was answered in the affirmative in *Brenner v. Pecarsky,* 86 Pa. Super. 414 (1925). In *Brenner,* the plaintiff admitted on cross-exam that he had not complied with the Act of June 30, 1919, P.L. 702

when he sold a truck to defendant. Although defendant failed to raise this defense in his affidavit, plaintiff was nonetheless denied recovery.

In *Nudleman v. Travelers Insurance Co.,* 84 Pa. Super. 589 (1924), the court held that a directed verdict for defendant was proper where plaintiff's proofs showed that the accident occurred more than 90 days prior to the death, even though defendant had not raised this defense in his pleadings.

In the present case, plaintiffs failed to raise the issue of waiver in their pleadings; however, defendant has produced the July 10, 2002 letter from defendant in which defendant expressly stated, "At this time I have closed your claim but can gladly reopen it in the future should you wish to pursue the claim." (Def.'s mot. for summ. j. at exhibit 9.)

Based on this evidence presented by defendant, the court finds that plaintiffs are not precluded from taking advantage of this evidence in attempt to defeat defendant's statute of limitations defense. For this reason, this court further finds that plaintiffs have not waived the defense of waiver by failing to plead such in a reply to new matter.

Although having found that plaintiffs have not waived this defense, the court must caution plaintiffs that even though they are not represented by legal counsel, they are not entitled to a more lenient application of the Rules of Court simply because they chose to proceed pro se.[2]

---

2. At a prior oral argument on preliminary objections, the court has chided plaintiffs for their lack of legal representation.

"The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law." *Jones v. Rudenstein,* 401 Pa. Super. 400, 404, 585 A.2d 520, 522 (1991) (quoting *Farretta v. California,* 422 U.S. 806, 834 n.46, 95 S.Ct. 2525, 2540 n.46 (1975)).

In conclusion, because there exists a genuine issue of material fact as to whether defendant waived the statute of limitations defense, defendant's motion for summary judgment is denied.

An appropriate order will be entered.

## ORDER

And now, July 15, 2005, having heard oral argument on the matter, it is hereby ordered, adjudged and decreed that defendant, Nationwide Mutual Insurance Company's motion for summary judgment, be and it hereby is denied.