# PEOPLES M. ACCIDENT ASS'N v. G. W. SMITH.

ERROR TO THE COURT OF COMMON PLEAS OF BLAIR COUNTY.

Argued April 24, 1889—Decided May 6, 1889.
[To be reported.]

(*a*) By the terms of an insurance against accidents, " immediate written notice " of the injury was to be given the association, and " sufficient and satisfactory proofs of loss," were to be furnished within six months from the happening of the accident, otherwise all rights to recover were to be null and void.

1. The word " immediate " in the contract is to be construed to mean within a reasonable time after the injury, and what was a reasonable time, under all the facts and circumstances of the case, is a question of fact for the jury, unless the delay has been so great that the court may rule it as a question of law.

2. The proofs of loss, in such case, may be read in evidence, not as evidence of the plaintiff's claim, but for the purpose of showing that such

EASTERN DISTRICT, 1889.

proofs were furnished in compliance with the conditions of the policy: Commonwealth Ins. Co. v. Sennett, 41 Pa. 161; Lycoming Ins. Co. v. Schreffler, 42 Pa. 188.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS and McCOLLUM, JJ.

No. 376 January Term 1889, Sup. Ct.; court below, No. 199 January Term 1888, C. P.

On January 6, 1888, Dr. George W. Smith brought assumpsit against the Peoples Mutual Accident Association of Pittsburgh, to recover upon a policy or certificate of membership, for the loss of the sight of an eye.

At the trial on February 2, 1889, the case showed that on September 4, 1887, while the plaintiff was driving his carriage he was struck in the right eye by the lash of his whip. The injury was very painful, and for about a week thereafter the plaintiff treated it himself, using cocaine among other applications, and then called in Dr. Ross, a specialist in such cases, and other physicians. On September 21st, Dr. Keyser, an eye specialist of Philadelphia was called, examined the eye, and approved of the treatment to that date. Being then advised that the sight of his eye would probably be lost, plaintiff sent for the agent of the defendant company and dictated to him a notice in writing of the injury, and requested blanks to be forwarded for proofs. On October 19th, the company having sent to him the blanks, the plaintiff transmitted the proofs of loss. These proofs were not printed in the paper books. On December 20th, the defendant company, in reply to an inquiry from the plaintiff, informed him that the company had not taken definite action on the claim, on the ground that timely notice of the injury had not been given.

The policy put in evidence by the plaintiff contained covenants for liability to pay a sum not exceeding $5,000 on proof of death resulting from bodily injuries; weekly relief of $25 per week when bodily injuries were received not resulting in death, and not exceeding $1,250 for "partial permanent disablement, viz., the loss of one hand, arm, foot, leg or eye, by means aforesaid," on certain conditions and

"Provided further, In the event of any accidental injury, for which a claim may be made under this certificate, immedi-

ate written notice shall be given the association in Pittsburgh, giving full particulars of the accident and injuries ; and sufficient and satisfactory proof of loss, either for death or relief, shall be furnished the association within six months from the happening of the accident, otherwise all rights to recover under this certificate for said accident shall be null and void and forfeited to the association."

\*        \*        \*        \*        \*        \*        \*        \*

" 2. No claim shall be payable under this certificate, unless any medical adviser of the association shall be allowed to examine the person or body of the member in respect to any alleged injury or death, when and so often as may be required."

In the course of his case in chief, the plaintiff made the following offer :

Offers proof of loss produced from the office of the Peoples Mutual Accident Association, dated October 19, 1887.

Mr. Blair : The fact that the proof of loss was sent is not controverted ; but we object that the proof itself is not evidence.

By the court : It may not be sufficient proof, but still it is evidence.    Objection overruled, proof of loss admitted ; exception.[3]

At the close of the testimony the court, DEAN, P. J., after reviewing the testimony, charged the jury, as follows :

The first question is, was Dr. Smith injured accidentally as he states, on September 4, 1887 ?    Was he subjected to involuntary, external, accidental violence ?    Second, if so, did that violence occasion the disability of which he complains and for which he seeks to recover, the loss of an eye ?

It is alleged on the part of the defendant that the loss of the sight of the plaintiff's eye was the result of imprudence on his part ; that he attempted to treat it himself, which, it is alleged by the defendant, was not wise in a physician ; that he destroyed the eye by the use of a dangerous drug, cocaine ; that Dr. Ross spoke of cocaine, in a paper which he read before the Medical Society at Altoona, as a dangerous drug and one likely to cause injurious effects, and expressed the fear that Dr. Smith's eye had been injured in that way.    You have heard his testimony and his explanation of the paper which it is alleged he

read. It is urged further by the defendant that Dr. Keyser's testimony, when viewed impartially, bears out the same view as to the dangerous character of this drug and its probable misuse by Dr. Smith. The plaintiff alleges that the whole testimony shows that the eye received the best treatment known to the medical profession, and it is urged by the plaintiff that the treatment which Dr. Smith administered was approved by the other physicians as satisfactory and proper treatment; that he used only a small percentage of this drug in water; that Dr. Keyser, eminent as a specialist in diseases of the eye, approved and concurred in this treatment, and that the physicians treated the case according to their best skill and judgment after they were called in. If the weight of the testimony satisfies you that Dr. Smith by his treatment, either by imprudent neglect of the proper remedies or by their excessive use, lost the sight of his eye, or that he lost it by the neglect or improper treatment of other physicians subsequently, the plaintiff cannot recover, and your verdict must be for the defendant, because the policy expressly stipulates that the external injury shall "wholly and alone, independently of all other causes," occasion the disability.

[If, however, the weight of the evidence should satisfy you that the plaintiff was injured by an accident which "wholly and alone, independently of all other causes," occasioned the loss of his eye, then did he give immediate written notice to the association of the accident and injury? The notice was not mailed until October 1st following the injury, twenty-seven days after the accident; and the defendant asks us to say that the plaintiff failed, in this particular, to comply with the stipulations of his policy, and therefore he cannot recover. Unquestionably if the plaintiff did not give immediate written notice of the accident and injury he cannot recover; this is a condition precedent to any recovery. But we cannot undertake to say to you, as a matter of law, that the written notice mailed on October 1st was not an immediate notice under the circumstances, on a reasonable construction of this provision.] [1]

The plaintiff's counsel allege that the injury, although proving very serious, was not known to Dr. Smith to be so when he received it; that at the time it appeared to him trifling and not worth serious notice, so much so that for some days he treated

it himself, expecting that he would soon recover; that he did not expect it to be of such a nature as to warrant a claim even for a weekly allowance under the policy, much less of a claim for permanent disability.   Then the eye became worse and he put himself under the care of a skilful physician, yet for days he suffered intense pain.   During this time he was sleepless and suffering, and in no condition to give notice to the association; but, as soon as he recovered sufficiently to attend to business and had a proper conception of the injury, though yet unable to write himself, he called in the agent of the association, Mr. Gifford, and dictated to him the written notice in evidence here, which he mailed to the association.   The defendant alleges that Dr. Smith was able to sit up in the house for a week after the accident, and that he was then able to give notice himself or to call in some one else to write the notice for him, as he afterwards did; that if the injury was serious enough to cause him to send to Altoona for a physician, a specialist, and serious enough to cause him afterward to send to Philadelphia for another physician, also a specialist, there was nothing to hinder him from sending the written notice himself or directing some one else to do so; yet he deferred this until the almost complete recovery of his physical vigor afterwards, when it was too late for the association to investigate the original cause of the injury or observe the method of treatment, as was their right and as they would have had an opportunity to do, if they had received the notice as required by the policy.

In the policy it is provided: . . . . . This is the clause to which the proof on the one side or the other is applicable; and this question is entirely for your consideration on the evidence. Does the weight of the evidence, the burden being on the plaintiff, show that under all the circumstances the plaintiff's written notice was as immediate as he could, under the circumstances, give?   Undoubtedly if he had been blinded at once by a blow from a whip-lash, he would have known at the time that he had a claim under the policy and it would have been his duty, very shortly thereafter, to have given written notice.   Twenty-seven days, in such a case, would not have been immediate in any reasonable view of it; but whether, under the alleged facts here, it was immediate, such as with due diligence he could have given, is for you.   If the plaintiff has failed to satisfy you by the

weight of the evidence that he gave, under the circumstances, immediate notice in writing of his accident and injury, he cannot recover.    On the other hand, if the weight of the evidence satisfies you that he was injured through external, violent and accidental means which, "wholly and alone, independently of all other causes," occasioned the loss of his eye, and that he gave immediate written notice to the association, then you will find for the plaintiff a sum not exceeding $1,250, on which you will allow interest from sixty days after the proofs of loss were furnished.

The defendant has submitted a point, as follows :

That the notice given by the plaintiff on October 1, 1887, and received by the company, is insufficient; and the plaintiff cannot recover.

Answer: This point is denied; in our view of the case it is not the law.[2]

The jury returned a verdict in favor of the plaintiff for $1,357.08.    Judgment having been entered, the defendant took this writ, assigning as error :

1. The portion of the charge embraced in [ ] [1]

2. The answer to the defendant's point.[2]

3. The admission of the plaintiff's offer.[3]

*Mr. S. S. Blair*, for the plaintiff in error :

1. Two notices are contracted for by the terms of the policy; the first, immediate notice of the accident; the second, proof of loss, the effect of the accident, within six months.    The necessity of the immediate notice is shown by the further proviso in the certificate, that "No claim shall be payable under this certificate unless any medical adviser of the association shall be allowed to examine the person or body of the member in respect to any alleged injury or death when and as often as may be required."    Surely it was not meant by this clause that the medical adviser of the company should have the right to examine an eye affected by an accident, only when the patient, after a long course of his own treatment and that of other physicians, had concluded that the sight was permanently destroyed.

2. When the mere right of suit is involved, it may well be that reasonable excuses for delay were in the contemplation of

the parties; but when the stipulation is annexed to the insurance itself that it becomes null and void by a default, what room is there for excuses? When one by his own contract voluntarily undertakes the performance of a particular duty, he cannot excuse his non-performance on the ground of prevention by circumstances beyond his control. The contract is for an immediate notice or a nullity: Trask v. Insurance Co., 29 Pa. 199; Edwards v. Insurance Co., 75 Pa. 380; West Branch. Ins. Co. v. Helfenstein, 40 Pa. 290; Inland Ins. Co. v. Stauffer, 33 Pa. 402; Amer. F. Ins. Co. v. Hazen, 110 Pa. 530. Moreover, the admission of the proof of loss was erroneous: Commonwealth Ins. Co. v. Sennett, 41 Pa. 161; Lycoming Ins. Co. v. Schreffler, 42 Pa. 190.

*Mr. Aug. S. Landis* (with him *Mr. Matthew Calvin*), for the defendant in error:

1. Where there are circumstances which reasonably account for the delay after notice becomes a duty, and which explain the conduct of the insured, the court must submit the case to the jury: Trask v. Ins. Co., 29 Pa. 199; Edwards v. Insurance Co., 75 Pa. 380; West Branch Insurance Co. v. Helfenstein, 40 Pa. 290; Inland Insurance Co. v. Stauffer, 33 Pa. 402; Wood on Fire Insurance, 695. When notice of loss is required to be given forthwith, or at once, these terms are not to be construed with absolute strictness so as to require a literal compliance, but reasonably, in view of the loss and circumstances surrounding it; what is unreasonable delay, under all the circumstances is a question of fact for the jury: Wood on Fire Insurance, 695, § 413; May on Insurance, § 462; Franklin Fire Ins. Co. v. Updegraff, 43 Pa. 359; Donahue v. Windsor, 56 Vt. 374; Lockwood v. Insurance Co., 47 Conn. 568; Carhan v. Insurance Co., 5 Biss. 476; Lycoming M. F. Ins. Co. v. Bedford, 2 W. N. 529; Home Ins. Co. v. Davis, 98 Pa. 280; Ben Franklin F. Ins. Co. v. Flynn, 98 Pa. 627; American F. Ins. Co. v. Hazen, 110 Pa. 530; Lyon v. Assurance Co., 46 Ia. 631. The plaintiff below put in evidence the proofs of loss, not as evidence of loss, but, as is usual, to show that he had complied with the terms of the policy, which required it to be done in six months.

OPINION, MR. CHIEF JUSTICE PAXSON:

The plaintiff brought this action of assumpsit in the court below against the defendant company, on a policy or certificate of membership, for the loss of sight of an eye alleged to have been caused by an accidental stroke of a whip when handled by himself. The main question is whether he was sufficiently prompt in giving notice to the company of the accident. The policy contains this provision: "Provided further, In the event of any accidental injury, for which a claim may be made under this certificate, immediate written notice shall be given the association in Pittsburgh, giving full particulars of the accident and injuries; and sufficient and satisfactory proof of loss, either for death or relief, shall be furnished the association within six months of the happening of the accident, otherwise all rights to recover under this certificate for said accident shall be null and void and forfeited to the association."

The accident which resulted in the loss of the plaintiff's eye occurred on September 4, 1887. He was a physician, and while riding in his buggy, engaged in his professional duties, by some accident his eye was struck by the lash of his whip. It was not at first thought to be dangerous, at least to the extent of losing his eyesight, and for some days the plaintiff treated the injured eye himself. It was not long before he was confined to his room and called in other medical aid. He testified that it was not until the fifteenth of the following October that he became convinced that he would lose the use of his eye. He gave a formal notice in writing to the company of the accident on October 1st and claimed for said loss. The contention of the defendant is that the notice should have been given immediately after the accident, and the court below was asked to so instruct the jury. This the learned judge refused to do, saying: "Unquestionably, if the plaintiff did not give immediate written notice of the accident and injury he cannot recover. This is a condition precedent to any recovery. But we cannot undertake to say to you, as a matter of law, that the written notice mailed on October 1st was not an immediate notice under the circumstances, on a reasonable construction of this provision."

It is our duty to give the policy in question a fair, business-'like, common-sense interpretation. It is in such sense that the parties to the contract probably understood it. The plaint-

iff was not claiming for weekly benefits. Had he done so, there would have been more force in the defendant's position that he should have given notice of the accident immediately after its occurrence on September 4th. His claim, however, was for the loss of his eye, and it is difficult to see how he could with any propriety make such a claim until he had actually lost it, or it had become clear that he would lose it. How could he have truthfully made such a claim on the fifth of September? And had he done so and his eyesight been restored, the probability is the defendant company would have criticised his claim even more closely than it has done now.

In the case of Lyon v. Railway Passenger Assurance Company, 46 Ia. 631, the insured was injured whilst traveling on a railway train. He brought suit to recover a weekly allowance. By the terms of the policy he was required to give " immediate notice to the company at Hartford, Connecticut." The injury was received on September 27th and notice was sent to the company at Hartford on October 28th following, thirty-one days afterwards. During this time he was under medical treatment for eight or nine days at one place, when he returned to his home and came under the treatment of other physicians. The court held that under all the circumstances it was not error in the court below to refuse to instruct, as a matter of law, that the notice was not given in proper time. The question was left to be determined by the jury as one of fact.

It is true the delay in such cases may be so great as to justify the court in ruling it as a question of law. There was no such delay in the case in hand, however. The word "immediate," in the contract, must be construed to mean within a reasonable time thereafter, under all the facts and circumstances of the case, and what is a reasonable time must be decided by the jury, unless, as before observed, the delay has been so great that the court may rule it as a question of law. A person might be so injured as to be physically unable to give notice for weeks. Hence it is that such questions are referred to the jury to say whether under all the circumstances there has been an unreasonable delay in giving notice. In the present case we are not required to go so far as the court did in the Iowa case. I see no reason which requires notice to be given of the loss of an eye, until the eye is destroyed, any

Statement of Facts.

more than that in a life policy a man should give notice of his death before he dies.

The third assignment, in reference to the proofs of loss, is not in accordance with the rules of court. I do not find the proofs in the paper book. If admitted for the purpose of showing that such proofs had been made in compliance with the policy, they were competent. If offered and read to the jury as prima facie evidence of the plaintiff's claim, their admission would have been error: Commonwealth Ins. Co. v. Sennett, 41 Pa. 161; Lycoming Ins. Co. v. Schreffler, 42 Pa. 188. I do not understand this to have been the case. If it was, it has not been sufficiently pointed out to us.

Judgment affirmed.