NAX v. TRAVELERS' INS. CO.

(Circuit Court, E. D. Pennsylvania. May 28, 1904.)

No. 36.

1. ACCIDENT INSURANCE—CAUSE OF DEATH.

A death resulting from a self-inflicted knife cut made by an insured while trimming a corn, which was followed by blood poisoning, is one from an "accidental, external, and violent" injury, within the meaning of an accident policy.

2. SAME—NOTICE BY BENEFICIARY.

Where an accident policy provides for a weekly indemnity for injury to be paid to the insured, and also for a sum to be paid in case of death to a named beneficiary, no duty to give notice to the insurer rests upon the latter until vested with a right or interest in the policy by the death of the insured.

3. SAME—ACTION FOR DEATH OF INSURED—QUESTIONS FOR JURY.

Plaintiff, who was an aged woman, was beneficiary in an accident policy held by her husband, but had no knowledge of its existence. She assisted in nursing her husband after his injury, and on his death was at once taken to the home of her daughter at a distance, where she remained two months. On her return the policy was found among the papers of the deceased, and notice of the death at once given to the insurer, which made no objection on account of her delay, but required and accepted further proofs as to the cause of death. Held, that whether the circumstances excused the delay in giving the notice, or whether such delay was waived by the insurer, were questions for the jury.

At Law. Sur motion for new trial.

A. T. Freedley, for plaintiff.

Frank P. Prichard, for defendant.

BUFFINGTON, District Judge. This is a motion for a new trial. The plaintiff, the death beneficiary under an accident policy held by her husband, brought suit to recover $5,000 for his death, which she alleged resulted from accident. The jury found in favor of the plaintiff, and a new trial is moved for.

The alleged accident was a self-inflicted knife cut of the insured's toe while he was trimming a corn. Later, blood poisoning ensued, and resulted in his death. Upon the controverted question of the fact whether death resulted from the wound or from diabetes, the finding of the jury was with the plaintiff, and, being so settled, a new trial should be refused, unless the injury was not an "accidental, ex-ternal, and violent" one within the meaning of the policy, or unless the court should have held that notice was not given by the plaintiff beneficiary as provided by the policy. After full consideration, we are of opinion the court would have erred in taking this case from the

jury. That the injury in question was an accidental, external, and violent injury accords not only with our own views, but with well-considered cases, of which it suffices to cite Western Commercial Travelers' Ass'n v. Smith, 85 Fed. 405, 29 C. C. A. 223, 40 L. R. A. 653.

This leaves the question of notice. It will be noted the policy provides for two distinct claims thereunder—one by the insured for weekly indemnity, the other by a named beneficiary in the case of death. As no right or interest in the death benefit vested in the beneficiary until the death of the insured, it would seem that no duty in the way of notice was imposed on her until the death of the insured vested a claim in her against the insurer. Whatever, therefore, may have been the duty of the insured as to notice in order to secure indemnity, it is clear to us the notice the death beneficiary was to give was not a notice of the accident, but of death. Western, etc., Ass'n v. Smith, supra. Such being the case, should the court have held that the notice given by Mrs. Nax, the beneficiary, did not answer the requirements of the policy? The deceased died June 22d, and Mrs. Nax gave notice on August 28th following. If these two facts stood alone, not modified or affected by other facts and circumstances, we assume it would be the duty of the court to determine the sufficiency or otherwise of the notice. But we are equally clear that the plaintiff had a right to demand that the jury, and not the court, should pass on the effect of the peculiar modifying facts and circumstances of this case. Among other such facts, we note that Mrs. Nax did not know she was a beneficiary under the policy, or of its existence; she was an aged woman; her husband had a trying and disagreeable illness, which she had helped nurse; her daughter came from Buffalo, and, immediately after the funeral, closed the house and took her mother to her home. She remained there until August. On her return the safe in the house in which her husband's papers were kept was opened, and she then learned of the policy and at once gave notice. It will thus be seen that there was no actual or intentional default on her part. Her husband was a retired business man; nothing is shown that called for immediate action in the settlement of his estate. Under such circumstances, was it the duty of the wife at her peril immediately on his death to institute a search for papers? In the nature of things, had the insurer, when this contract was made, a right to expect that the widow of the beneficiary would under such circumstances make an instant examination of his papers? We must presume that such contracts were made with a view to what would be the reasonable and probable actions of the parties concerned under the conditions existing when the policy matured, and were not intended to require a beneficiary to give instant notice of an unknown right; to deny to her the companionship of her daughter, and change of scene and association, after a trying nursing period, until she had first examined the papers and effects of her husband. In such cases the adjudged decisions and text-books hold the sufficiency of the notice to be for the jury. People's Ass'n v. Smith, 126 Pa. 325, 17 Atl. 605, 12 Am. St. Rep. 870; Kentzler v. American, etc., Ass'n, 88 Wis. 589, 60 N. W. 1002, 43 Am. St. Rep. 934; May on Insurance, § 462; Cook on Insurance, § 115;

Niblack on Insurance, § 416. The consensus of these cases is fairly represented by the statement that:

"If the notice be required to be forthwith, or as soon as possible, or immediately, it will meet the requirement, if given with due diligence under the circumstances of the case, and without unnecessary and unreasonable delay, of which the jury are ordinarily the judges."

It will be noted, also, that, when notice was given, the company rested its defense, not on the failure to give notice, but on the ground the injury was not accidental. It agreed to receive fuller proofs. Such proofs were furnished, and it was not until after November 20th, almost three months after Mrs. Nax's notice, that they first raised the question of notice. Moreover, the notice to which they then claimed they were entitled was not of death, to which alone, as against her, they were entitled, but their objection was that there was "a failure on the part of the beneficiary to give immediate written notice of the alleged accident, as required by the contract, which prevented the company from making the necessary investigation at a time when it would have been of some benefit to them." Indeed, there nowhere appears any objection by the defendant company to the omission of the death notice, but only, as we have seen, an insistence, after almost three months' delay, upon an unwarranted demand for notice of the accident. Under such facts no complaint can be made by the defendant that the question of waiver was left to the jury.

On the whole, we are of opinion the motion for a new trial must be refused.