SHEAFOR, Respondent, vs. STANDARD ACCIDENT INSURANCE. COMPANY OF DETROIT, MICHIGAN, Appellant.

*December 6, 1917—January 5, 1918.*

*Accident insurance: Notice of injury: When given "as soon as was reasonably possible:" Written notice: Proofs of loss.*

1. Under an accident policy requiring "written notice of injury" to be given within twenty days after "the accident causing such injury" unless it be shown that it was not "reasonably possible to give the notice and that notice was given as soon as was reasonably possible," where an injury (the loss of an eye) resulted from an accident (a blow on the head), but there was no such injury, either actual or threatened, so far as any one could know, until more than twenty days after the accident, it was not possible to give "notice of injury" within that time.

2. The insured, on May 13th, accidentally struck his head against some boards, causing contusions and discoloration about the eye. Some weeks later the eye became painful and the sight began to fail, and on June 21st he consulted an oculist who, after some treatments and as soon as possible, told him that the sight. of the eye was lost and that it was solely the result of the accident. He immediately notified the local agent of the insurer and obtained a printed form of proofs of loss which he at once executed and returned to the agent. *Held,* that such proofs constituted a sufficient "written notice of injury," "given as soon as was reasonably possible."

APPEAL from an order of the circuit court for Rock county: GEORGE GRIMM, Circuit Judge. *Affirmed.*

The action is brought by the insured under an accident insurance policy for the total loss of one eye. A general demurrer to the complaint was overruled, and the defendant appeals.

The complaint sets forth at length the issuance of the policy and its conditions, one of the conditions being that "written notice of injury" on which a claim is based must be given within twenty days after "the accident causing such injury." This condition, however, is followed by a provision that failure to give notice within the time provided shall not

invalidate the claim if it be shown not to be "reasonably possible to give the notice and that notice was given as soon as was reasonably possible." The policy provided for the payment of a weekly indemnity in case the insured was disabled from performing the duties of his occupation as the result of accident, and for the payment of certain definite sums for the entire loss of certain limbs and faculties by accident, among which was $3,750 for the entire loss of one eye.

The complaint further alleges that on the 13th of May, 1915, the plaintiff was the principal of the high school at Janesville, and that while walking along in the corridor of the basement of the school in the evening of that day, in the line of his duty, and feeling for the electric light, he struck the left side of his face above the eye on some boards resting on a rack used by the manual training school, and was thrown backwards on to the floor and suffered contusions in the region of the eye and the back of the head; that no medical treatment appeared to be necessary at the time, the only injuries being, so far as plaintiff knew, a discoloration about the eye, and the said contusions; that during the last two weeks of the school year, however (the school year ending June 18th), the plaintiff's eye began to cause pain, became congested, and the sight began to fail, but the plaintiff did not then suspect that the difficulty was caused by the accident, and did not consult a physician until June 21st, when he consulted Dr. Dwight, an eye specialist at Madison, Wisconsin, who after examination expressed the fear that the condition of the eye might be the result of the accident, but that it would be necessary to make a further study of the case and treat the eye frequently before the fact could be definitely determined; that immediately on receiving this advice plaintiff orally notified one Davies (defendant's agent at Madison) of the accident, and the trouble with the eye apparently resulting therefrom, and of the medical treatment, and that Davies assured him that he would regard the in-

formation as notice, and that plaintiff would lose no rights by withholding his demand for indemnity while awaiting the final decision of Dr. Dwight; that later and as soon as possible, Dr. Dwight decided and told the plaintiff that the sight of the eye was lost and that it was solely the result of the accident; that plaintiff at once notified Davies of Dr. Dwight's decision, and that Davies said he would have a special agent investigate the case; that such agent did soon come to Madison and interviewed Dr. Dwight; that immediately after advising said Davies of Dr. Dwight's decision plaintiff obtained from Davies a printed form of proofs of loss and at once executed and returned the same to Davies, who accepted the same and forwarded them to the defendant.

The complaint further alleges due performance of the conditions of the policy and demand for payment and refusal.

For the appellant there was a brief signed by. *Lines, Spooner & Quarles* of Milwaukee, and oral argument by *Willet M. Spooner*.

For the respondent there was a brief by *Whitehead & Matheson* of Janesville, and oral argument by *John M. Whitehead*.

WINSLOW, C. J.    The policy requires that written notice of "injury" must be given within twenty days after the "date of the accident causing such injury," unless it be shown not to have been reasonably possible to give such notice within the time provided, and that it was given as soon as reasonably possible.    The "injury" and the "accident" causing it are recognized as separate things by the policy itself, and the notice required is notice of the "injury," not of the "accident."    In the present case the injury is, of course, the loss of the eye, the accident the blow on the head.    It is very plain that it was not possible for the claimant to give notice of the injury, *i. e.* the loss of the eye, within twenty days after the accident, because there was no such injury within

that time, either actual or threatened, so far as any one could know. One cannot give notice of a fact which he neither knows nor has any means of ascertaining.

The only question remaining is whether the allegations of the complaint show that written notice was given as soon as reasonably possible after the plaintiff obtained knowledge that there was an injury which was the result of the accident. We think this question must be answered in the affirmative. We find it unnecessary to decide whether the agent had power to waive the requirement. It is alleged in effect that immediately after ascertaining from the oculist that the sight of the eye was lost and that the loss was due to the accident, the plaintiff obtained from defendant's agent a printed blank for proof of loss, and at once filled out, executed, and returned it to the agent, who forwarded it to the company. It is common knowledge that proofs of loss give full information of the injury claimed, and we are satisfied that they must be held to constitute a sufficient "written notice of injury" when served within the time required by the policy. To hold otherwise would be to sacrifice substance to form and require duplication of effort to no purpose.

*By the Court.*—Order affirmed.