SHEAFOR, Respondent, vs. STANDARD ACCIDENT INSUR-
ANCE COMPANY, Appellant.

*November 4—December 2, 1919.*

*Insurance: Timely notice of accidental injury: Appeal: Admission
of evidence after motions for directed verdict and discharge
of jury.*

1. Where the loss of an eye did not result within twenty days
   after an accident, and a physician after such time told insured
   that he could not then say that the injury was due to the
   accident, a notice to the insurer within twenty days after the
   insured was definitely told by the physician that the accident
   was the cause of the loss of the eye was a compliance with
   an accident policy requiring notice of injury to the insurer
   within twenty days from the date of the accident unless it
   was not "reasonably possible to give such notice."
2. In an action on an accident policy it was not error to allow
   plaintiff, after both parties had moved for a directed verdict
   and the jury had been discharged, to recall a physician, who
   upon re-examination of his records testified that he had been
   mistaken as to the date in his former testimony when he had
   informed plaintiff that the defective condition of his eye was
   caused by an accident, although the change of date had the
   effect of showing that plaintiff had given notice of the injury
   within the time required by the policy, where it was estab-
   lished as a verity that the physician was mistaken in his
   former evidence.  The corrected evidence raising no issue of
   fact for the jury, the defendant was not prejudiced by its
   waiver of a jury trial.

APPEAL from a judgment of the circuit court for Rock
county: GEORGE GRIMM, Circuit Judge.  *Affirmed.*

This action was brought upon an accident insurance policy
issued by the defendant to recover damages arising out of an
injury alleged to have been caused by the loss of an eye for
which indemnity was claimed by plaintiff under the policy.

The case was here before on demurrer to the complaint.
The demurrer was overruled.   166 Wis. 498, 166 N. W.
4.   The defendant answered and the case was tried to the
court and a jury.   At the close of the evidence both parties.

without reservation, moved for a directed verdict, and the court, under sec. 2857a, Stats., discharged the jury.

After the jury was discharged the court permitted, against defendant's objection, the plaintiff to recall Dr. Dwight to change his testimony.

The court made the following findings and conclusions:

"(1) That the defendant is an accident insurance company, duly organized and existing under the laws of the state of Michigan, and duly licensed in this state to insure persons against loss resulting from bodily injuries, effected as stated and agreed in any policy of insurance issued by it to any person who, in order to be insured against any such loss, might pay it the stipulated premium for such insurance.

"(2) That on or about the 25th day of July, 1914, in consideration of the payment by the plaintiff to the defendant of the stipulated premium, the defendant made and delivered to the plaintiff its policy of accident insurance, partly printed and partly written, wherein it provided, as an indemnity to the plaintiff against any loss therein mentioned, the principal sum of $7,500, and more particularly, for the loss of the sight of one eye, one half of such sum, to wit, $3,750.

"(3) That at the times referred to in these findings the plaintiff was the principal of the high school and a resident of the city of Janesville, Wisconsin.

"(4) That on or about the 13th day of May, 1915, while in the line of his duty as such principal, the plaintiff met with a bodily injury through external, violent, and accidental means, which, proximately and directly, exclusively and independently of all other causes, eventually resulted in complete loss of sight in his left eye.

"(5) That up to the time of said accident plaintiff's eye and sight were natural and healthy and seemingly so continued for some little time after the accident; that for a long time after the accident plaintiff had no knowledge that any injury to the eye had resulted from the accident, and that the injury seemed to have been entirely external, trivial, and passing in character, not calling for medical treatment, and that in a short time all external evidence of the accident disappeared.

"(6) That, however, after the seemingly slight accident had been forgotten by the plaintiff, and about two weeks before the close of the school year on the 18th day of June, 1915, his left eye began to cause him inconvenience and pain; that this trouble gradually increased, so that on or about the 21st day of June, 1915, he called on Dr. Corydon G. Dwight of Madison, Wisconsin, an eye specialist, for counsel; that on the following day Dr. Dwight made an examination of plaintiff's eye, but was at that time unable to determine the nature of the injury; that the matter of an external injury being the cause was suggested by the doctor, and that plaintiff thereupon recalled the accident and informed Dr. Dwight of it, who informed him that he would have to treat and watch the progress of the injury before he could determine correctly its cause.

"(7) That plaintiff, immediately after said examination by and conversation with Dr. Dwight, personally called on J. P. Davies, the defendant's agent at Madison, who had written the policy of insurance, and informed him of the accident and of Dr. Dwight's examination and treatment of the eye, and of the latter's suggestion that he might eventually find that the accident was the producing cause but that he was as yet unable to determine that matter with any degree of certainty; that the plaintiff thereupon discussed with said Davies the advisability of giving notice of the accident and making claim for indemnity under his policy; that said Davies thereupon advised plaintiff that the information furnished to him as agent of the defendant would be sufficient notice under the policy to the defendant, and that plaintiff would lose no rights under his policy by withholding formal demand for indemnity while awaiting the final decision of Dr. Dwight as to the cause and extent of the injury to the eye.

"(8) That the plaintiff thereafter took continuous treatment from Dr. Dwight, and that Dr. Dwight finally, to wit, on the 31st day of July following, informed the plaintiff that the sight of his left eye was irretrievably lost and that such loss was due solely to the said accident which he had sustained.

"(9) That thereupon the plaintiff without delay, and as soon as it was reasonably possible to do so after the nature and cause of the injury was ascertained by him with any

degree of certainty, informed Mr. Davies of the situation; that the latter thereupon furnished him with printed forms to make formal proof of loss, which plaintiff executed and returned to said Davies as the authorized agent of the defendant, who either retained the same or forwarded the same to the home office of the defendant.

"(10) That said Davies, being supplied by the defendant with its printed forms for giving notice and making proof of loss to be furnished by him to its patrons as occasion might require, was a duly 'authorized agent of the company' within the provision of subdivision E of section 5 of the policy, notice to whom it is provided 'shall be deemed notice to the company.'

### "Conclusions of Law.

"(1) That the plaintiff has conformed to all the requirements of the policy on his part to be performed and is entitled to recover the full indemnity provided for in the policy for the loss of the sight of his said left eye.

"(2) That the defendant is liable to the plaintiff in the sum of $3,750, that being the specific sum provided for in the policy as indemnity to the plaintiff for the loss of the sight of one of his eyes as a result of the accident which he suffered, together with interest thereon from the 3d day of February, 1916, that being the date on which this action was brought."

Judgment was entered accordingly, from which this appeal was taken.

The cause was submitted for the appellant on the brief of *Lines, Spooner & Quarles* of Milwaukee, and for the respondent on that of *Whitehead & Matheson* of Janesville.

KERWIN, J.   The injury complained of in this case is the loss of an eye, alleged to have been caused by an accident which occurred on May 13, 1915. The facts, so far as material, are sufficiently covered by the findings set out in the statement of the case.

The policy provides, among other things, that written

notice of injury must be given within twenty days after the date of the accident, and further provides:

"Such notice given by or in behalf of the insured or beneficiary, as the case may be, to the company at Detroit, Michigan, or to any authorized agent of the company, with particulars sufficient to identify the insured, shall be deemed to be notice to the company. Failure to give notice within the time provided in this policy shall not invalidate any claim if it shall be shown not to have been reasonably possible to give such notice and that notice was given as soon as was reasonably possible."

The main question in the case is whether the provision of the policy respecting notice was complied with.

As appears from the findings and evidence, the injury was for some time after the accident regarded trivial and did not appear to affect the plaintiff's eye. It was not until about June 18th that plaintiff's eye caused him any inconvenience or showed any sign of having been injured by the accident. On June 21st plaintiff consulted Dr. Dwight, an eye specialist, whom he informed of the accident, and the doctor could not at that time say that the injury was due to the accident.

Immediately after consulting Dr. Dwight plaintiff called on the agent of the defendant, Mr. Davies, who had written the policy, and informed him of the accident and consulted him respecting the necessity of giving notice of the accident to the defendant, and advised him concerning his consultation with Dr. Dwight. Plaintiff also asked Mr. Davies whether it was necessary to give immediate notice of the accident and make a claim for indemnity. Mr. Davies thereupon informed plaintiff that the information furnished him by plaintiff was sufficient, and that plaintiff would lose no rights while awaiting the final determination of Dr. Dwight as to the cause and extent of the injury. The plaintiff thereafter took continuous treatment from Dr. Dwight, and on July 31st following was informed by the doctor that the sight of his eye was lost and that such loss was due solely to the accident.

On August 4th following, due notice of the injury was given to the defendant, and the question arises whether this notice satisfied the provisions of the policy.

The court below found that the notice was sufficient, and this court is of opinion that the finding is supported by the evidence. The evidence shows that Dr. Dwight had not definitely decided until July 31st that the accident was the cause of the injury and then so informed the plaintiff. The evidence also shows that the notice was served as soon as reasonably possible after July 31st.

It is conceded by counsel for plaintiff that the former decision (166 Wis. 498, 166 N. W. 4), so far as it goes, settles the law of this case.

On the former appeal, in considering the provisions of the policy respecting notice, this court said:

"The policy requires that written notice of 'injury' must be given within twenty days after the 'date of the accident causing such injury,' unless it be shown not to have been reasonably possible to give such notice within the time provided, and that it was given as soon as reasonably possible. The 'injury' and the 'accident' causing it are recognized as separate things by the policy itself, and the notice required is notice of 'injury,' not of the 'accident.' In the present case the injury is, of course, the loss of the eye, the accident the blow on the head. It is very plain that it was not possible for the claimant to give notice of the injury, i. e. the loss of the eye, within twenty days after the accident, because there was no such injury within that time, either actual or threatened, so far as any one could know. One cannot give notice of a fact which he neither knows nor has any means of ascertaining.

"The only question remaining is whether the allegations of the complaint show that written notice was given as soon as reasonably possible after the plaintiff obtained knowledge that there was an injury which was the result of the accident. We think this question must be answered in the affirmative."

It is further contended by respondent that the proof was sufficient to show that defendant waived written notice or

was estopped from asserting that no sufficient notice of the injury had been given. We do not find it necessary to decide this question and hence express no opinion upon it.

Counsel for appellant contends that it was prejudicial error to allow plaintiff, after the jury was discharged, to recall Dr. Dwight to correct his testimony. Dr. Dwight had testified in his examination before the jury was discharged that July 17th was the date when he determined that the accident was the sole cause of the injury to the eye, and then so informed the plaintiff. When recalled after the jury had been discharged and upon examination of his records he discovered that he was mistaken and that the date when he determined that the accident was the sole cause of the injury was July 31st, at which time he so informed the plaintiff. It seems to be established as a verity that Dr. Dwight was mistaken in his former evidence and that the time he informed plaintiff that the accident was the sole cause of the injury to the eye was July 31st and not July 17th; and since it is admitted that notice to the company was given August 4th next, it must be held as a matter of law that it was given "as soon as reasonably possible." The corrected evidence therefore raised no issue of fact for the jury, and defendant was not prejudiced by its waiver of a jury trial in moving for a directed verdict.

We find no prejudicial error in the record.

*By the Court.*—The judgment is affirmed.

WINSLOW, C. J., dissents.