GICONDINA PENNINE *vs.* PEERLESS CASUALTY CO.

FEBRUARY 7, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

RATHBUN, J. This is an action in assumpsit based on an accident insurance policy. The case is here on the plaintiff's exceptions to rulings as follows: to the direction of a verdict for the defendant and to the refusal to direct a verdict for the plaintiff.

On April 18, 1930, the insured accidentally pricked her thumb with a pin and died from septicemia seven days later. The policy insured against the "effects resulting directly and exclusively of all other causes, from bodily injury sustained during the life of this policy solely through external, violent and accidental means (excluding suicide, sane or insane)." The policy provides also that: "Insurance under this policy does not cover death nor any form of disability resulting from injury or disease nor any loss . . . due partly to such injury and partly to disease or bodily infirmity." The trial justice ruled that the terms of the policy precluded recovery unless the germs causing the blood poisoning entered the wound at the time of the injury. The ruling directing a verdict was based upon the theory that the plaintiff could not recover because, having failed to prove that the pin and the germs entered the thumb at the same time, she had failed to show that death was caused directly and exclusively of all other causes by accidental means and was not due wholly or partly to disease.

In many of the authorities cited it was a question whether death was caused in whole or in part by some disease with which the insured was afflicted before and at the time of the injury. In the case before us no such question is presented. There appears to be little if any doubt that the germs which caused the infection entered the wound, caused by the pin prick, either at the time of this injury or within a short time thereafter.

The question is whether the injury was the proximate cause of death. If one receives a bodily injury from external violence and shortly thereafter, without any intervening violence, traumatic pneumonia develops and produces death, it is reasonably clear that the injury, although it would not ordinarily have been fatal, was the proximate cause of death. The question whether the pneumonia was of the traumatic type would naturally arise, but if this fact is established the reasoning is clear; the germs by reason of the weakened condition of the body, due to the injury,

actually caused the death by their attack upon the body after the injury. In such a case could it be reasonably contended that the injury was not the proximate cause of the death?

In the case before us the principles involved are not radically different. The puncture of the thumb was received on Friday. The hole caused by the pin remained visible. The soreness increased, and the thumb became red. On the following Monday morning the insured was unable to work because of the pain in her thumb. At that time she was admitted as a patient in a hospital and it was found that the pain was due to infection in the thumb. A red streak extended from the thumb up the arm. On the following Friday she died. The medical testimony tended to show that the germs causing the infection could not have entered the thumb in the absence of an open sore or wound, and that infection and blood poisoning was a natural result of the injury which the insured had received.

Assuming that this medical testimony is true, it is our opinion, based upon principle and well considered authority, that the plaintiff is not precluded from recovery because of failure to prove that the germs causing blood poisoning entered the thumb at the time the wound was caused by the pin.

In *Delaney* v. *Modern Accident Club*, 121 Iowa 528, a policy covering death resulting solely from accidental injuries was involved. The insured cut one of his fingers, which became inflamed, and blood poisoning and erysipelas developed, resulting in death. The court said: "It seems to us, however, that it is wholly immaterial when or how these specific bacilli which caused the disease known as 'blood poisoning' which resulted in the death of Delaney, were introduced into the wound, whether at the time it was inflicted or subsequently. Blood poisoning is a disease just as many other pathological conditions of the human system. . . . The simple question is whether the death

of Delaney resulted through natural causes without the interposition of a new and independent cause, from the cut on his finger. Disease brought about as a result of a wound, even though not the necessary and probable result, yet, if it is the natural result of the wound, and not of an independent cause, is properly attributed to the wound; and death resulting from the disease is a death resulting from the wound, even though the wound was not, in its nature, mortal or even dangerous."

In *French* v. *Fidelity & Casualty Co. of N. Y.*, 135 Wis. 259, the insured accidentally caused an abrasion of the skin on the lower part of one of his legs. The wound became septic and he died from blood poisoning on the fifteenth day following the accident. It was argued that the injury was too slight to cause death, and that death was due to an intervening cause, namely, the germs which entered the body through the wound. The court said: "It must be apparent, however, that but for the accidental injury, there would have been no cause for infection; that but for the abrasion the disease germs could not have entered and produced the fatal result. The wound produced by the accident was therefore the proximate and sole cause of death." The following cases are to the same effect: *Central Accident Ins. Co.* v. *Rembe*, 220 Ill. 151; *Simpkins* v. *Hawkeye Ass'n.* 148 Iowa 543; *Cary* v. *Preferred Accident Ins. Co.*, 127 Wis. 67; *Western Commercial Travelers' Ass'n* v. *Smith*, 85 Fed. 401; *Nax* v. *Travelers' Ins. Co.*, 130 Fed. 985.

The plaintiff's exception to the refusal to direct a verdict in her favor is overruled. Her exception to the direction of a verdict for the defendant is sustained and the case is remitted to the Superior Court for a new trial.

*Pettine, Godfrey & Cambio, Edward L. Godfrey, Albert F. Cappelli*, for plaintiff.

*Henry M. Boss, Jr., Francis W. Conlan*, for defendant.