## Miller v. Penn-Liberty Insurance Co.

*Roy S. F. Angle,* for plaintiff.
*Edwin D. Strite,* for defendant.

DEPUY, P. J., March 22, 1956.—This matter is before the court on defendant's preliminary objections to plaintiffs' amended complaint.

The preliminary objections are two-fold:

1. "Plaintiffs' amended complaint fails to set forth a good cause of action."

2. "Plaintiffs' amended complaint is not sufficiently specific in that, although paragraph 7 of the amended complaint sets forth that plaintiff duly notified defendant of the alleged loss and furnished and delivered to the defendant a complete itemized statement thereof, it wholly fails to aver the manner in which such notice was given, whether such notice was given orally or in writing, nor to what officer or agent of defendant such notice was given, nor are facts set forth from which it appears whether or not such notice was given in accordance with the provisions of the original policy contract."

The first objection amounts to a demurrer. Defendant's argument and brief did not amplify or buttress this objection aside from its identity with the second objection, so we pass at once to the latter.

The second objection amounts to a plea for more specific complaint insofar as relates to plaintiffs' paragraph 7. The latter is devoted to an averment of certain respects in which plaintiffs say they notified defendant of plaintiffs' loss under the policy of insurance.

The insurance policy as annexed to the complaint sets forth at paragraph 2 of the policy certain requirements regarding time and manner for giving notice of loss by the policy holder to the company.

Defendant says plaintiffs' complaint fails to set forth the facts necessary to bring plaintiffs' claim within the terms of the aforesaid policy paragraph as to time and manner of notice of loss, citing Donnelly v. Metropolitan Life Insurance Company, 113 Pa. Superior Ct. 583 (1934), and Leslie v. Metropolitan

Life Insurance Company, 320 Pa. 87 (1935). Neither of these cases turns on the question of essential elements in pleading. At all events both cases were decided previous to promulgation of Pa. R. C. P. No. 1019(c), which rule we regard as controlling in the present issue.

Plaintiffs say that although it is possible that the specific allegations which defendant asserts are required of plaintiffs may have been necessary in a pleading during a former epoch, they are no longer necessary after the effective date of Pa. R. C. P. No. 1019(c), which provides:

"In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of such performance or occurrence shall be made specifically and with particularity."

We hold that the provisions of the insurance policy as to time and manner of giving notice of loss by the policy holder to the company constitute conditions precedent to maturing of the company's liability. Under Rule No. 1019(c) plaintiff may make a general averment that all conditions precedent have been performed: 3 Standard Pa. Practice (Rev.) §137.

Plaintiffs' amended complaint at paragraph 5 states the following:

"The plaintiffs have duly performed all conditions and provisions of the said policy on their part required to be performed."

We hold that that general averment is sufficient under Rule No. 1019(c) and places a duty upon defendant company to plead in its answer any particulars in which it is denied that plaintiffs have given the notice of loss required by the policy.

Defendant's preliminary objections to the amended complaint are overruled and defendant is granted 20 days in which to answer the said complaint.